CREAK, APPELLANT, *v.* MONTVILLE PLASTICS AND RUBBER, INC., APPELLEE, ET AL.

(No. 1401—Decided August 22, 1988.)

Raymond J. Tisone and *David J. Graora,* for appellant Tina C. Creak.
*Aubrey B. Willacy,* for appellee.

FORD, J. Defendant-appellee, Montville Plastics and Rubber, Inc., appealed a decision rendered by the Industrial Commission to the trial court pursuant to R.C. 4123.519. The commission had ruled in favor of appellant, granting her workers' compensation claim for an alleged occupational disease.

On April 14, 1987, by agreement of both parties, six days prior to the commencement of the trial, appellant's counsel deposed Edward J. Novosel, D.O., of Warren, Ohio. Upon the conclusion of the questioning of the doctor, neither party inquired as to whether the doctor wished to waive the rule-required reading and signing of his deposition, nor did either counsel waive that requirement.

On April 16, 1987, Dr. Novosel departed for a scheduled vacation in Florida.

On April 17, 1987, the transcription of Dr. Novosel's deposition was completed and made available for the doctor's signature.

On April 20, 1987, the transcript,

which had not been signed, was filed with the court. On that same day, the trial commenced, and appellant testified in her case in chief. Appellant then attempted to introduce the deposition of Dr. Novosel. Appellee moved to suppress admission on the ground that Dr. Novosel had not signed the deposition, and that the parties had not executed a waiver to the reading and signing requirement for admission of the deposition under Civ. R. 30(E).

After hearing arguments in support of and in opposition to the motion, the court granted the motion conditionally, affording the appellant the opportunity to correct the deficiency. The court granted a one-day extension in order to obtain the doctor's signature, but appellant's attorney, after communications with the doctor's office, informed the court that even with the one-day extension, he would not be able to obtain the doctor's signature, for he would be vacationing until the 27th of the month. The judge then granted the motion and precluded admission of the deposition. The court based its decision upon the failure to comply with the requirements of Civ. R. 30(E). At that point, appellant, having no further evidence to present, rested. Appellee moved for a directed verdict, and the court granted the motion. Appellant at that time failed to proffer the deposition.

Appellant appealed the exclusion of the deposition, claiming that the trial court erred to the prejudice of the appellant in granting the appellee's motion to suppress the deposition of Dr. Novosel.

Defendant, Ohio Bureau of Workers' Compensation, took no part in this appeal.

Initially, it should be noted again that appellant failed to proffer the deposition of the doctor. As such, a comprehensive review of the trial court's decision would be beyond the scope of the record before this court. "A party offering evidence in chief that is excluded must show what he expects to prove by the witness in order to enable a reviewing court to ascertain whether there has been error because of the refusal of the trial court to receive the evidence." 4 Ohio Jurisprudence 3d (1978) 326-327, Appellate Review, Section 156. Failure on appellant's part to proffer the deposition is fatal to her appeal.

Further, appellant failed to comply with Civ. R. 32 by delaying the filing of the deposition without leave of court until the day of the trial. Civ. R. 32 provides in part:

"(A) Use of depositions. Every deposition intended to be presented as evidence must be filed at least one day before the day of trial or hearing unless for good cause shown the court permits a later filing."

As noted, appellant filed the deposition on the day of the trial, and failed to show good cause for so doing. Appellant's error in not filing timely is also fatal to her appeal.

Independent of the above errors, appellant's assignment of error is not well-taken. Appellant admits that the deposition was not signed by the doctor, but argues that it nonetheless should be admitted under one of the exemptions contained in Civ. R. 30(E). That rule provides:

"Submission to witness; changes; signing. When the testimony is fully transcribed the deposition shall be submitted to the witness for examination and shall be read to or by the witness, unless examination and reading are waived by the witness and by the parties. Any changes in form or substance which the witness desires to make shall be entered upon the deposition by the officer with a statement of the reasons given by the witness for making them. The deposition shall then be signed by

the witness, unless the parties by stipulation waive the signing or the witness is ill or cannot be found or refuses to sign. If the deposition is not signed by the witness within seven days of its submission to the witness, or within such longer period, not exceeding twenty-eight days, to which the parties agree, the officer shall sign it and state on the record the fact of the waiver or of the illness or absence of the witness or the fact of the refusal to sign together with the reason, if any, given therefor; and the deposition may then be used as fully as though signed, unless on a motion to suppress the court holds that the reasons given for the refusal to sign require rejection of the deposition in whole or in part."

As such, the rule establishes the requirements for the admission of depositions into evidence.

The rule requires either that (1) the deposition be read and signed by the witness unless waived, or (2) if the deponent does not sign within seven days, the officer shall sign it and state on the record why the deposition is unsigned.

In the case *sub judice,* the appellant argues that the deposition should be admitted, without signature, under one of the exceptions contained within Civ. R. 30(E). Specifically appellant argues that the following portion of the rule is applicable:

"* * * The deposition shall then be signed by the witness, unless * * * the witness is ill or cannot be found or refuses to sign. * * *"

Appellant argues because the doctor was in Florida he could not be found, and as such his unsigned deposition should be admitted. This interpretation appears to be unfounded. The doctor neither refused to sign the deposition, nor was ill, nor could not be found, but was simply vacationing, and appellant failed to prove that the doctor could not be located.

Appellant's interpretation of the exemption of unavailability is questionable, but that becomes irrelevant in this case because appellant failed to comply with the second requirement of Civ. R. 30(E).

Assuming *arguendo* that the doctor could not be found, as per the rule, the deposition would still not be admissible because appellant failed to comply with the second requirement of Civ. R. 30(E). The rule requires:

"* * * If the deposition is not signed by the witness within seven days of its submission to the witness, * * * *the officer shall sign it and state on the record the fact * * * of the illness or absence of the witness * * *;* and the deposition may then be used as fully as though signed * * *."

The rule thus establishes a conjunctive requirement for the use of a deposition that has not been signed by the witness. It requires:

(1) An unsigned deposition because of an unavailable deponent; and

(2) An officer of the court attesting to the reason for the unsigned deposition.

Failure to comply with these two requirements renders the deposition inadmissible.

As noted above, the doctor's unavailability is questionable, but assuming he was unavailable, appellant failed to have the transcript certified by the officer. The rule clearly mandates this requirement, and failure to do so is valid reason to exclude the deposition.

Again, it should be noted that the trial judge afforded the appellant the opportunity to obtain the doctor's signature and cure the deficiency, but Dr. Novosel had not yet returned from vacation. However, appellant's attorney, in the alternative, could have used the time interval allotted by the

trial court to attempt to contact the stenographer for certification of the transcript pursuant to Civ. R. 30(E).

As appellee correctly notes in its brief, appellant failed to comply with a number of mandatory procedural rules necessary for admission of the doctor's deposition. These errors are grounds for affirming the trial court's decision.

As noted in *Miller* v. *Lint* (1980), 62 Ohio St. 2d 209, 16 O.O. 3d 244, 404 N.E. 2d 752, failure to comply with the rules, regardless of the merits, may be fatal to an appeal. "However hurried a court may be in its efforts to reach the merits of a controversy, the integrity of procedural rules is dependent upon consistent enforcement because the only fair and reasonable alternative thereto is complete abandonment." *Id.* at 215, 16 O.O. 3d at 247, 404 N.E. 2d at 755.

In the case *sub judice*, appellant's errors preclude both a full review and reversal of the trial court's decision by this court.

For the foregoing reasons, the decision of the trial court is affirmed.

*Judgment affirmed.*

COOK and CHRISTLEY, JJ., concur.