Donald CHASTEEN & Catherine Cox, Appellants–Defendants,

v.

Dale SMITH, Appellee–Plaintiff.

No. 84A01–9308–CV–281.

Court of Appeals of Indiana, First District.

Dec. 14, 1993.

William J. Tabor, Terre Haute, for appellants-defendants.

Thomas C. Newlin, Fleschner, Fleschner, Stark, Tanoos & Newlin, Terre Haute, for appellee-plaintiff.

ROBERTSON, Judge.

Donald Chasteen and Catherine Cox appeal an adverse judgment in the amount of $2,506.00 on the plaintiff Dale Smith's complaint for possession of real property leased to Chasteen and Cox, and for damages to the rental property caused by Chasteen and Cox as tenants. We reverse and remand.

The record reflects that despite repeated demands for possession and written notice, Chasteen and Cox refused to move from the premises owned by Smith. On December 11, 1992, Smith filed a pro se small claims suit for possession and asked for damages. Chasteen and Cox refused Smith entry in late December, 1992, but then vacated the premises on December 31, 1992. In February, 1993, Chasteen and Cox filed a counterclaim, seeking the return of their damage deposit. The matter went to trial on March 2, 1993. At that time, Smith amended his claim by increasing the amount of damages and requesting attorney fees.

Chasteen and Cox argue in this appeal that Smith's claims for damages are barred as a matter of law by the Indiana Security Deposit Statutes because Smith failed to provide the statutorily required notice within forty-five days from the date they vacated the premises. Smith admitted at trial that he provided Chasteen and Cox with no written itemization of the amount of damages he had or would suffer by reason of their noncompliance with the rental agreement. Smith also admitted that he knew the defendants' forwarding addresses.

Indiana Code 32–7–5–14 provides:

In case of damage to the rental unit or other obligation against the security deposit, the landlord shall mail to the tenant, within forty-five (45) days after the termination of occupancy, an itemized list of damages claimed for which the security deposit may be used as provided in section 13 of this chapter, including the estimated cost of repair for each damaged item and the amounts and lease on which the landlord intends to assess the tenant. The list must be accompanied by a check or money order for the difference between the damages claimed and the amount of the security deposit held by the landlord.

If the landlord fails to comply, the tenant may recover all of the security deposit due the tenant and reasonable attorney's fees. I.C. 32–7–5–12. This court has twice held that compliance with I.C. 32–7–5–1 et seq. is necessary before a landlord may withhold a security deposit or make a claim for damages. *Duchon v. Ross* (1992), Ind. App., 599 N.E.2d 621; *Skiver v. Brighton Meadows* (1992), Ind.App., 585 N.E.2d 1345.

In *Duchon*, we held that a landlord can attempt to pursue a claim for "other damages," that is, a claim for amounts in excess of the security deposit or other types of damages, only if it returns the tenant's security deposit within forty-five days or provides the statutory notice. 599 N.E.2d at 625. We also held that a letter which failed to include estimated costs of repair and which was not accompanied by the difference between the damages claimed and the amount of the security deposit did not comply with the requirements imposed by statute. *Id.* at 624.

■ Smith maintains that by initiating suit within the forty-five day period, indeed, even before the statutory period began to run, he has substantially complied with the requirements of I.C. 32–7–5–1 et seq. We cannot agree, at least in this case. Although Smith made a claim for damages when he filed his small claims action, he never itemized the damages he had or would reasonably suffer by reason of his tenants' noncompliance or estimate the amounts attributable for each item of damage. Thus, under *Duchon*, Smith did not substantially comply with the notice requirement imposed by I.C. 32–7–5–12, 14.

The trial court concluded that the chapter governing security deposits had been superseded by the Indiana trial rules and hence, the forty-five day notice provision did not apply. Smith does not direct us to any particular court rule and the trial court cited none which supersedes the statutory provisions at issue.

■ The rule of law rendering a procedural statute a nullity applies only when a statute is in conflict with the rules of procedure as established by the Indiana Supreme Court. *Hawkins v. Auto–Owners (Mutual) Insurance Company* (1993), Ind., 608 N.E.2d 1358, 1359; I.C. 34–5–2–1. A procedural statute that does not conflict with any of the court rules may be held operative. *State ex rel. Wright v. Morgan County Court* (1983), Ind., 451 N.E.2d 316, 319.

By operation of statute, the failure to comply with the notice of damages requirement constitutes an agreement by the landlord that no damages are due. I.C. 32–7–5–15. After Chasteen and Cox relinquished possession of the real estate owned by Smith, and the forty-five day period passed, Smith effectively agreed with Chasteen and Cox that no damages were due.[1] This

---

**1.** Smith cites our opinion in *Raider v. Pea* (1993), Ind.App., 613 N.E.2d 870, to support his contention that he was not required to give Chasteen and Cox notice of a claim against their security deposit within the required forty-five day period. *Raider*, however, is distinguishable. In *Raider*, we interpreted the language in Section 12 of our Security Deposits Statute which states that a landlord is not liable for providing the tenant with forty-five day notice of a claim until the tenant has supplied the landlord with a mailing or forwarding address. *See* IND.CODE § 32–7–5–12(a)(3). We construed the term "supplied" as meaning "to provide or deliver the mailing address to the landlord" and held that neither notifying the post office nor placing the landlord on "some general notice of the tenant's new city of residence" was sufficient action by the tenant under the Statute. *Raider*, 613 N.E.2d at 873. Here, in contrast, Smith admitted at trial that he had actual knowledge of Chasteen's and Cox's mailing address and that he could have mailed them an itemized, written

agreement is binding upon him, regardless of the fact that a lawsuit to obtain possession and damages was still pending. Accordingly, we conclude that Chasteen and Cox were entitled to the return of their security deposit and that Smith was not entitled to recover any damages upon his complaint.

The judgment is reversed and the trial court is instructed to enter an award in favor of Chasteen and Cox for the amount of their deposit plus attorney fees.

NAJAM and RUCKER, JJ., concur.

---

notice of his claim against their deposit, but he did not. Record at 83–84. Thus, Smith cannot claim relief under the Statute.