Jonathan HILL and Kelly Hill,
Appellants–Plaintiffs,

v.

Lanie DAVIS, Appellee–Defendant.

No. 32A05–0412–CV–694.

Court of Appeals of Indiana.

Aug. 10, 2005.

Clifford W. Shepard, Indianapolis, for Appellants.

Paul A. Hadley, Danville, for Appellee.

## OPINION

SHARPNACK, Judge.

Jonathan Hill ("Jonathan") and Kelly Hill ("Kelly") (collectively referred to as "Tenants") appeal the small claims court's judgment in favor of Lanie Davis ("Landlord") on Landlord's notice of claim and against Tenants on Tenants' counterclaim. Tenants raise one issue, which we restate as whether the small claims court's judgment that Landlord was entitled to damages and that Tenants were not entitled to the return of their security deposit was clearly erroneous. We reverse and remand.

The relevant facts follow. On August 21, 2003, Tenants entered into a lease agreement with Landlord to lease the residential property at 7954 West Main Street in Coatesville, Indiana. The lease was for a period of one year, and Tenants paid Landlord a security deposit of $500.

On May 10, 2004, Tenants sent Landlord a letter notifying her that they were dissatisfied with the rental property and that they would be vacating the premises by June 9, 2004. On May 19, 2004, Landlord filed a notice of claim for damages against Tenants in the small claims court. In her

notice of claim, Landlord alleged that "[Tenants were] in breach of a Lease due to unpaid rent and utility bills" and demanded judgment against Tenants for $3,000.00 plus interest, attorney fees, and costs. Landlord sent the notice of claim to Tenants at the rental property address in Coatesville.

On June 9, 2004, Tenants moved out of the rental property, but they did not leave a forwarding address because they were homeless. On June 15, 2004, the notice of claim was returned to the small claims court as undelivered. On June 17, 2004, Landlord filed an alias notice of claim and alleged the same damages as in her original notice of claim. Landlord sent the alias notice of claim to Tenants at Kelly's place of employment, and Tenants received service.

On August 17, 2004, Landlord appeared with counsel and Tenants appeared pro se for a bench trial in the small claims court. Tenants moved to continue the trial so that they could hire counsel, and the small claims court granted the continuance. During the hearing, the small claims court asked Tenants where they were living and receiving mail. Jonathan responded that their address was 1882 Knox Drive, Clayton, Indiana, 46118. The small claims court changed its chronological case summary ("CCS") to reflect the Clayton address for Jonathan.[1] Thereafter, the small claims court mailed a copy of its CCS entry, which showed that the bench trial had been rescheduled for September 14, 2004 and which contained Tenants' home address in Clayton, to Landlord's attorney and to Tenants.

Tenants obtained counsel and moved to continue the trial. The small claims court

ultimately reset the trial for October 26, 2004. On October 17, 2004, Tenants filed a counterclaim and alleged that they were entitled to return of their $500 security deposit because Landlord had failed to send them an itemized list of damages within forty-five days of them providing their forwarding address.

On October 26, 2004, the small claims court held a bench trial. The small claims court entered judgment in favor of Landlord and entered an order, which provides:

\* \* \* \* \*

In this case, the parties entered a written lease agreement on or about August 21, 2003. The lease was for 12 months. Monthly rent was $675.00. [Tenants] paid a security deposit in the amount of $500.00.

On May 10, 2004, [Tenants] sent a written notice of intent to vacate to [Landlord] citing several claimed problems with the residence, including a problem with water pressure, a broken dryer, a noisy water softener, and, storage shed. On May 26, 2004,[2] [Landlord] filed her Notice of Claim, seeking $3,000.00, court costs and attorney's fees. Not having perfected service, [Landlord] then filed her Alias Notice of Claim on June 17, 2004, which was set for trial on August 17, 2004. On August 17th, [Landlord] appeared in person and by counsel for trial. [Tenants] appeared in person and without counsel. [Tenants] requested a continuance which was granted over [Landlord's] objection. The case was re-set for trial on September 14, 2004. In response to the Court's question, [Tenants] provided the Court with a current address which was re-

---

1. The small claims court left Kelly's business address as her address of record.

2. The small claims court's chronological case summary and the actual notice of claim reveal that Landlord filed her notice of claim on May 19, 2004.

flected on the chronological case summary. On September 10, 2004, counsel for [Tenants] filed by fax his Appearance and Verified Emergency Motion for Continuance. The trial was then continued to October 19, 2004. On October 4, 2004, [Tenants] continued the trial a third time to October 26, 2004. On October 17, 2004, [Tenants] filed their Counterclaim seeking a refund of the security deposit as well as attorney's fees.

This case involves the interpretation and application of the Security Deposit Statute. At trial, the evidence was uncontroverted that neither [Landlord] nor her counsel ever sent [Tenants] a written itemization of damages as required by statute. [Landlord] argued that [Tenants] never supplied her with written notice of a forwarding address. Both at trial and in their Post–Trial Brief, [Tenants] argued that [Landlord] was made aware of their new address on August 17, 2004 when the parties made their first court appearance. According to [Tenants], [Landlord] was supplied with a good address when the Court inquired and [Tenants] stated their new address on the record. The evidence established that the Clerk sent a copy of the chronological case summary containing [Tenants'] new address to counsel for [Landlord]. The evidence did not establish nor does the chronological case summary reflect that the entry was mailed to [Landlord] personally.

In the alternative, [Tenants] argued that even if the Court were to find the chronological case summary insufficient written notice, then [Landlord] was still supplied with an address for [Tenants] when their counsel filed his Appearance and served a copy on [Landlord's] counsel. On September 10, 2004, [Tenants'] counsel filed his Appearance by fax and mail. The Certificate of Service indicates that [Landlord's] counsel was served with a copy of the same by United States Mail. The Appearance does not contain an address for [Tenants]. There was no evidence that [Tenants], through their counsel, provided a written notice of a mailing address for [Tenants] or made a demand for the return of the security deposit, other than the filing of the Counterclaim.

The primary purpose of the security deposit statute is to equalize the bargaining position between the landlord and tenant that the legislature deemed unbalanced. *Lae v. Householder*, 789 N.E.2d 481 (Ind.2003). The overarching purpose of the statute is for the protection and benefit of tenants. *Robinson v. Gazvoda*, 783 N.E.2d [1245] (Ind.Ct.App. 2003)[, *trans. denied*]. Other cases considering the Security Deposit Statute have held that because the statute is in derogation of common law, it must be strictly construed. *Pinnacle Properties v. Saulka*, 693 N.E.2d 101 (Ind.Ct.App. 1998)[, *trans. denied*]. In *Saulka*, the Court noted that the statute does not provide for partial or substantial compliance on the part of the landlord. *Id.* at 104. In addition, it has also been discussed in other cases that the goals of timely and documented notice of a claim against a security deposit cannot be achieved when the landlord does not possess the tenant's mailing address. *Raider v. Pea*, 613 N.E.2d 870 (Ind.Ct. App.1993). In *Raider*, the Court declined to adopt a policy of permitting a general notice to the landlord. *Id.* at 873. Finally, the Court of Appeals has held that the purpose of the writing requirement is to ensure that the landlord receives a tangible record of the tenant's mailing address. *Deckard Realty & Development v. Lykins*, 688

N.E.2d 1319, 1322 (Ind.Ct.App.1997)[, *reh'g denied, trans. denied*].

It seems clear from the case law that the purpose and intent of the Security Deposit Statute was to level the playing field between a tenant who had vacated and the landlord remaining in possession of the tenant's security deposit. In this particular case, it would appear to be a patently unfair application of the Security Deposit Statute to permit the tenants to demand strict compliance by the landlord, and yet not to comply strictly themselves. Under the facts here, the Court finds it would undermine the very purpose and legislative intent behind the statute to permit [Tenants] to rely on either the in court questioning from the Court on August 17th or the written Appearance filed by their counsel on September 10th, as evidence of compliance with the written notice provision of the statute. Indeed, it also follows that the very fact that [Tenants] were represented by counsel who entered an Appearance over thirty (30) days prior to trial would have balanced the playing field and therefore requiring strict compliance with the statute is all the more compelling.

Accordingly, the Court enters judgment in favor of [Landlord], Lanie Davis, and against [Tenants], Jonathan Hill and Kelly Hill, in the amount of $3,000.00 for rent, late charges, unpaid utility charges, plus $350.00 attorney's fees and court costs of $44.00. The Court finds in favor of [Landlord] and against [Tenants] as to their Counterclaim and Orders the security deposit applied to the judgment.

Appellant's Appendix at 5–7.

▆▆▆ The issue is whether the small claims court's judgment that Landlord was entitled to damages and that Tenants were not entitled to the return of their security deposit was clearly erroneous. Under Trial Rule 52(A), the standard of appellate review for facts determined in a bench trial is clearly erroneous, and due regard is given to the opportunity of the trial court to judge the credibility of the witnesses. *Lae v. Householder,* 789 N.E.2d 481, 483 (Ind.2003). In determining whether a judgment is clearly erroneous, we will not reweigh the evidence or determine the credibility of witnesses but consider only the evidence that supports the judgment and the reasonable inferences to be drawn from that evidence. *City of Dunkirk Water & Sewage Dep't v. Hall,* 657 N.E.2d 115, 116 (Ind.1995). Judgments from small claims court are "subject to review as prescribed by relevant Indiana rules and statutes." *Lae,* 789 N.E.2d at 483 (quoting Ind. Small Claims Rule 11(A)). "A deferential standard of review is particularly important in small claims actions, where trials are informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law." *Id.* (internal quotations and citations omitted). This doctrine relates to procedural and evidentiary issues, but does not apply to the substantive rules of law which are reviewed de novo as in an appeal from a court of general jurisdiction. This appeal, which involves the interpretation of Ind. Code chapter 32–31–3 ("the security deposit statute"), presents only questions of law.

The security deposit statute provides, in relevant part:

(a) Upon termination of a rental agreement, a landlord shall return to the tenant the security deposit minus any amount applied to:

(1) the payment of accrued rent;

(2) the amount of damages that the landlord has suffered or will reasonably suffer by reason of the tenant's

noncompliance with law or the rental agreement; and

(3) unpaid utility or sewer charges that the tenant is obligated to pay under the rental agreement;

all as itemized by the landlord with the amount due in a written notice that is delivered to the tenant not more than forty-five (45) days after termination of the rental agreement and delivery of possession. The landlord is not liable under this chapter until the tenant supplies the landlord in writing with a mailing address to which to deliver the notice and amount prescribed by this subsection. Unless otherwise agreed, a tenant is not entitled to apply a security deposit to rent.

(b) If a landlord fails to comply with subsection (a), a tenant may recover all of the security deposit due the tenant and reasonable attorney's fees.

\* \* \* \*

Ind.Code § 32–31–3–12 (2004). A related section of the security deposit statute provides that:

Not more than forty-five (45) days after the termination of occupancy, a landlord shall mail to a tenant an itemized list of damages claimed for which the security deposit may be used under section 13[3] of this chapter. The list must set forth:

(1) the estimated cost of repair for each damaged item; and

(2) the amounts and lease on which the landlord intends to assess the tenant.

The landlord shall include with the list a check or money order for the difference between the damages claimed and the amount of the security deposit held by the landlord.

Ind.Code § 32–31–3–14 (2004).

■ The purpose of the security deposit statute is "for the protection and benefit of tenants," *Robinson v. Gazvoda*, 783 N.E.2d 1245, 1251 (Ind.Ct.App.2003), *trans. denied*, and "to provide for the timely return of the tenant's security deposit and to protect the tenant from wrongful withholding of the deposit by the landlord." *Lae*, 789 N.E.2d at 485. As our supreme court stated:

In a nutshell, the statute provides that the landlord must refund the deposit, net of damage claims, within forty-five days and supply an itemized list of any damages claimed to reduce the amount to be refunded. Failure to refund and supply the itemized list results in a waiver of any claim for damages and exposes the landlord to liability for the tenant's attorney fees.

*Id.* at 484.

Tenants argue that the small claims court erred by finding that Landlord was not required to provide Tenants with an itemized list of damages because Tenants had not provided Landlord with written

---

3. Section 13 of the security deposit statute provides that a landlord may use a security deposit only for the following purposes:
(1) To reimburse the landlord for actual damages to the rental unit or any ancillary facility that are not the result of ordinary wear and tear.
(2) To pay the landlord for:
(A) all rent in arrearage under the rental agreement; and
(B) rent due for premature termination of the rental agreement by the tenant.

(3) To pay for the last payment period of a residential rental agreement if a written agreement between the landlord and the tenant stipulates that the security deposit will serve as the last payment of rent due.
(4) To reimburse the landlord for utility or sewer charges paid by the landlord that are:
(A) the obligation of the tenant under the rental agreement; and
(B) unpaid by the tenant.
Ind.Code § 32–31–3–13 (2004).

notice of their forwarding address. Tenants argue that: (A) Landlord had written notice of their forwarding address, which thereby triggered Landlord's obligation to send an itemized list of damages to Tenants within forty-five days; (B) Landlord failed to comply with the security deposit statute by failing to mail an itemized list of damages to Tenants within forty-five days; and (C) Landlord's failure to mail an itemized list of damages entitles Tenants to the return of their security deposit plus attorney fees and costs. We agree and will review each argument in turn.

## A. *Tenants' Forwarding Address*

■ Tenants argue that the statutory requirement to provide Landlord with a forwarding address was met when they orally stated their new address in open court during the April 17, 2004 hearing and when that address was thereafter sent in writing to Landlord's attorney. During the August 17, 2004 hearing, Landlord appeared with counsel and Tenants appeared pro se. During the hearing, the small claims court asked Tenants where they were living and receiving mail. Jonathan responded that Tenants' address was 1882 Knox Drive, Clayton, Indiana, 46118. The small claims court changed its chronological case summary ("CCS") to reflect the Clayton address for Jonathan. Thereafter, the small claims court mailed a copy of its CCS entry, which showed that the bench trial had been rescheduled and which contained Tenants' home address in Clayton, to Landlord's attorney and to Tenants.

Tenants argue that the oral recitation of their address during the hearing along with the copy of the CCS, which had their address written on it, that was sent to Landlord's attorney was sufficient notice of their forwarding address under the security deposit statute. Landlord argues that Tenants' oral statement and the CCS was insufficient notice because Tenants never provided her with a written notice of their mailing address.[4]

We find *Deckard Realty & Dev. v. Lykins,* 688 N.E.2d 1319 (Ind.Ct.App.1997), *reh'g denied, trans. denied,* to be instructive on the issue of whether Tenants' provided sufficient notice of their forwarding address under the security deposit statute. In *Deckard,* a lease agent for the landlord wrote down the address of one of the tenants[5] on a post-it note and placed it in the rental file prior to the tenant entering into a one-year lease agreement with the landlord. *Id.* at 1320, 1322. One month prior to the end of the lease, the landlord discovered that marijuana was being grown in the house and instructed the tenant to vacate the premises. *Id.* at 1320–1321. The tenant moved out of the house on June 13, 1996. *Id.* at 1321. Three months later, the landlord filed a complaint against tenants in small claims court and requested approximately $2,500.00 for damages, cleanup, court costs, and unpaid rent. *Id.* The landlord served the complaint on the tenant at the

---

4. Landlord also argues that Tenants oral recitation of their address in Clayton, Indiana was insufficient because it was "a physical address [and] not a mailing address." Appellee's Brief at 3. Landlord contends that residents in Clayton can only receive their mail via a post office box. However, Landlord presented no evidence that Tenants could not receive mail at that address. Indeed, the small claims court used the address given by Tenants during the hearing to change its

court's records to indicate that was Tenants' address and used that address to send court documents to Tenants.

5. There were four tenants that entered into the lease agreement with the landlord; however, our discussion focuses on only one tenant, Tony Erzen. *See Deckard,* 688 N.E.2d at 1320.

tenant's address that the lease agent had written on the post-it note. *Id.* The tenant moved for summary judgment and argued that the landlord was precluded from collecting damages and was required to return the tenant's security deposit because the landlord had failed to deliver a written notice of itemized damages within forty-five days of the termination of the lease. *Id.* The trial court granted the tenant's motion for summary judgment. *Id.*

The landlord appealed and argued that the trial court erred in granting summary judgment because the tenant had not provided a written address for the purpose of mailing him an itemized list of damages. *Id.* at 1322. The landlord argued that the post-it note containing the tenant's address was not sufficient notice of his address under the security deposit statute because the tenant did not provide it in his own handwriting. *Id.* We reviewed the security deposit statute and noted that "in order to establish a landlord's liability [to provide an itemized list of damages], a tenant must show that he provided the landlord with a written record of an address, which was intended to be his forwarding address." *Id.* at 1322. We stated that the "purpose of the writing requirement is to ensure that the landlord receives a tangible record of the tenant's mailing address." *Id.* We noted that the record clearly indicated that the landlord had the tenant's address four months before the commencement of the lease and whether the address was written by the tenant or the landlord's employee, the landlord was provided with such a written record. *Id.* Thus, we held that the tenant had provided the landlord with a written record of his address. *Id.* However, we held that summary judgment was inappropriate because there was a genuine issue of material fact as to whether the address supplied to the landlord was the tenant's forwarding address. *Id.*

Like the landlord in *Deckard*, here, Landlord had a written record of Tenants' address. During the August 17th hearing, Tenants orally informed the small claims court of their current address, which the court then wrote down on its CCS and mailed to Landlord's attorney as part of the CCS entry regarding the rescheduled trial date. Whether the address was written by Tenants or the court, the landlord was provided with a written record of Tenants' address. *See id.* Thus, the purpose of the security deposit statute's writing requirement of ensuring that the landlord receives a tangible record of the tenant's mailing address has been met.

In its order, the small claims court concluded that the CCS containing Tenants' written address was not sufficient to comply with the security deposit statute because it was only sent to Landlord's attorney and not to Landlord personally. We must disagree. As our supreme court has held, "[s]ervice upon an attorney of record constitutes notice to the party represented." *Logal v. Cruse*, 267 Ind. 83, 87, 368 N.E.2d 235, 238 (1977), *cert. denied*, 435 U.S. 943, 98 S.Ct. 1523, 55 L.Ed.2d 539 (1978). *See also Reynolds v. State*, 463 N.E.2d 1087, 1088 (Ind.1984) (holding that "notice or information given to an attorney constitutes notice to his client"); *State ex rel. Brubaker v. Pritchard*, 236 Ind. 222, 226, 138 N.E.2d 233, 235 (1956) (holding that "[w]hen an attorney enters his appearance of record in any litigation so long as such attorney remains the existing attorney of record, he is the agent of the party, and the party is bound by such attorney's knowledge and notice of the proceedings in that case so long as it is pending"). We see no logic or reason why sending the written address to Landlord's attorney would not be sufficient notice under the security deposit statute, especially where the subject of the pending litigation was the security deposit. Therefore, we

conclude that the small claims court's order that Landlord was entitled to damages because Landlord did not have written notice of Tenants' forwarding address is clearly erroneous.[6] *See, e.g., Deckard,* 688 N.E.2d at 1322.

### B. *Landlord's List of Itemized Damages*

■ Tenants next argue that Landlord failed to comply with her statutory requirement to send an itemized list of damages within forty-five days of receiving notice of their forwarding address. Because Landlord received notice of Tenants' mailing address around August 17, 2004, Landlord had forty-five days from that time period to send an itemized list of damages to Tenants. *See Robinson v. Gazvoda,* 783 N.E.2d 1245, 1251 (Ind.Ct. App.2003) (holding that "[f]ailure by the tenant to provide his new address within the initial forty-five days after vacating the premises tolls the reciprocal obligation of the landlord to provide the tenant with an itemized list of repair costs for a reasonable period of time until the landlord receives notice of the tenant's new address"), *trans. denied.*

The security deposit statute provides that "a landlord shall mail to a tenant an itemized list of damages claimed for which the security deposit may be used" and that the list must set forth "the estimated cost of repair for each damaged item" and "the amounts and lease on which the landlord intends to assess the tenant." Ind.Code § 32–31–3–14. The statute further provides that the "landlord shall include with the list a check or money order for the difference between the damages claimed and the amount of the security deposit held by the landlord." *Id.*

■ "A strict reading of [the security deposit statute] does not allow for substantial or partial compliance by the landlord with the itemization of damages notice requirement." *Pinnacle Properties v. Saulka,* 693 N.E.2d 101, 104 (Ind.Ct.App.1998), *trans. denied.*

The notice provision does not impose a difficult burden on the landlord. The purpose of the provision is to inform the tenant that the landlord is keeping the security and for what reason, as well as to allow that tenant an opportunity to challenge the costs for which the deposit is being used. *Meyers v. Langley,* 638 N.E.2d 875, 878 (Ind.Ct.App.1994). However, if the landlord fails to provide the tenant with an itemized list of damages including the estimated cost of repair for *each damaged item,* the purpose for the notice provision has not been served.

*Id.*

Landlord does not contend that she mailed an itemized damage list to Tenants but argues that her alias notice of claim, which included a request for unpaid rent and utility bills, was sufficient to comply with the statutory requirement of an itemized list of damages. Landlord's alias notice of claim provided:

> "[Tenants are] in breach of a Lease due to unpaid rent and utility bills. The damage deposit should be applied toward any judgment rendered herein.
>
> [Landlord] demands judgment against [Tenants] for $3,000.00 plus interest from _____, at the rate of 7.5% annum, reasonable attorney fees, and the costs of this action: $44.00."

Appellant's Appendix at 9.

To support her argument, Landlord relies on *Turley v. Hyten,* 772 N.E.2d 993

---

**6.** Tenants also argue that they provided notice of their forwarding address on September 10, 2004 when their attorney entered his appearance in the case. Given our conclusion that Tenants provided sufficient notice on August 17, we need not address this argument.

(Ind.2002), *reh'g denied.* In *Turley,* within two weeks of receiving the tenant's forwarding address, the landlord sent the tenant a letter notifying him that the $450 security deposit would not be returned because there was damage to the rental property. *Id.* at 996. The letter indicated that the damages included extensive plumbing and water damage from where the toilets and water pipes froze and burst, damage to the floors and carpet, and that a total replumbing of the house would have to be done. *Id.* The letter further provided that the landlord did not yet have an estimated cost for the damages, that the damage was already more than $1,400, but that a full itemized statement would be forthcoming after a complete assessment. *Id.* Our supreme court held that "under the circumstances with which [the landlord] was presented," the landlord's letter fulfilled the purpose of the itemized damages notice requirement of the security deposit statute because: (1) the property damage was of a type that could not have been estimated quickly due to its extensive nature; (2) the amount of repair costs exceeded the amount of the security deposit; and (3) the security deposit also was being retained for the landlord's lost rent due to damage. *Id.* at 996–997.

Here, although Landlord sought unpaid rent and claimed an amount of damages that was greater than the security deposit, we find *Turley* distinguishable from this case. First, Landlord never sent Tenants a letter containing an itemized list of damages and estimated cost for each damaged item. Landlord sent no sort of notification to Tenants prior to filing her small claims notice of claim. Furthermore, Landlord's alleged damages, which included unpaid utility bills and rent, were not of a type

that an estimate could not have been prepared quickly.[7] We cannot say that the purpose of the security deposit statute's itemized damages notice requirement, which is to inform the tenant of why the landlord is keeping the security deposit and providing the tenant an opportunity to challenge the costs, has been met where the landlord merely provides a lump sum request for claimed damages in an alias notice of claim filed in small claims court. *See, e.g., Robinson,* 783 N.E.2d at 1248 n. 3 (distinguishing facts of that case from the facts in *Turley* ); *Pinnacle,* 693 N.E.2d at 104 (holding that a landlord's vacate report that included a lump sum amount did not comply with the notice requirement of the security deposit statute); *Duchon v. Ross,* 599 N.E.2d 621, 624–625 (Ind.Ct.App.1992) (holding that a landlord's letter that included a list of claimed damages but did not include estimated costs did not comply with the notice requirement of the security deposit statute); *Skiver v. Brighton Meadows,* 585 N.E.2d 1345, 1347 (Ind.Ct.App. 1992) (holding that the landlord was required to return the full security deposit to the tenant where the landlord had failed to send the tenant a letter itemizing the accrued rent due to the tenant's premature termination of the rental agreement). *But see Figg v. Bryan Rental Inc.,* 646 N.E.2d 69, 75 (Ind.Ct.App.1995) (holding that purpose of the security deposit statute was met where a landlord's letter informed the tenant that he was keeping the security deposit and applying it to unpaid rent only), *reh'g denied, trans. denied.*

We find *Chasteen v. Smith,* 625 N.E.2d 501 (Ind.Ct.App.1993), instructive and more similar to the facts of this case. In *Chasteen,* a landlord filed a small claims complaint seeking damages [8] against the

---

7. During the bench trial in the small claims court, Landlord testified that she was seeking

$682.15 in unpaid electric bills and $2,700.00 in unpaid rent.

8. The landlord also sought possession of the

tenants approximately three weeks before the tenants moved from the rental property. *Id.* The tenants filed a counterclaim and sought return of their security deposit. *Id.* The small claims court entered judgment in favor of the landlord for approximately $2,500. *Id.* The tenants appealed and argued that the landlord's claim for damages was barred as a matter of law by the security deposit statute because the landlord had failed to provide the statutorily required notice within forty-five days from the day the tenants vacated the premises. *Id.* The landlord, who admitted at trial that he had provided no written itemization of the amount of damages despite knowing the tenants' address, argued that he had substantially complied with the security deposit statute because he had filed his small claims complaint seeking damages within the forty-five-day period. *Id.* at 501–502. We noted that although the landlord made a claim for damages when he filed his small claims complaint, he never itemized the damages he had nor estimated the amounts attributable for each item of damage. *Id.* at 502. Thus, we held that the landlord had not substantially complied with the notice requirement of the security deposit statute and that the tenants were entitled to return of their security deposit. *Id.*

Like *Chasteen,* here, Landlord's small claims complaint sought damages, specifically for unpaid rent and utility bills, but it did not contain an estimated cost that was attributable for each item. Instead, it only contained a lump sum amount. Therefore, we must conclude that Landlord's small claims alias notice of claim did not comply with the notice requirement of the security deposit statute. *See, e.g., Chasteen,* 625 N.E.2d at 502–503. *See also Pinnacle,* 693

N.E.2d at 104 (holding that a landlord's vacate report that included a lump sum amount did not comply with the notice requirement of the security deposit statute); *Duchon,* 599 N.E.2d at 624–625 (holding that a landlord's letter that included a list of claimed damages but did not include estimated costs did not comply with the notice requirement of the security deposit statute).

C. *Return of Security Deposit and Attorney Fees*

Lastly, Tenants argue that they are entitled to return of their security deposit plus attorney fees and costs. Ind. Code § 32–31–3–12(b) provides that "a tenant may recover all of the security deposit due the tenant and reasonable attorney's fees" if the landlord fails to comply with the statutory requirement of providing an itemized list of damages within forty-five days of the termination of the rental agreement and delivery of the property. Furthermore, a landlord's failure to comply with the notice of damages requirement constitutes an agreement by the landlord that no damages are due and requires the landlord to immediately return the full security deposit to the tenant. Ind.Code § 32–31–3–15 (2004). In addition, Ind.Code § 32–31–3–16 (2004) provides that a landlord who fails to comply with the security deposit statute is "liable to the tenant in an amount equal to the part of the deposit withheld by the landlord plus reasonable attorney's fees and court costs."

Here, Landlord's alias notice of claim did not comply with the notice requirements of the security deposit statute. *See supra* subsection B. Also, Landlord received notice of Tenants' address around

property because the tenants refused to move from the premises after repeated requests by

the landlord. *Chasteen,* 625 N.E.2d at 501.

August 17, 2004, but failed to comply with her statutory requirement to send an itemized list of damages within forty-five days of receiving notice of the forwarding address. *See supra* subsection A. Accordingly, Landlord's failure to comply with the notice requirements of the security deposit statute constitutes an agreement that no damages are due and requires that she return the $500 security deposit to Tenants as well as pay Tenants' attorney fees and costs. *See, e.g., Robinson,* 783 N.E.2d at 1252 (reversing the trial court and holding that the tenant was entitled to return of his security deposit plus attorney fees and court costs); *Pinnacle,* 693 N.E.2d at 104 (holding that the landlord's failure to comply with the notice provision of the security deposit statute constituted an agreement that no damages were due); *Chasteen,* 625 N.E.2d at 502–503 (reversing the trial court and holding that the tenants were entitled to the return of their security deposit plus attorney fees).

For the foregoing reasons, we reverse the small claims court's judgment in favor of Landlord and against Tenant and remand to the trial court with instructions to enter judgment in favor of Tenants and to determine the proper amount of attorney fees and costs.

Reversed and remanded.

MAY, J. and VAIDIK, J. concur.