**Jonathan HILL and Kelly Hill,**
**Appellants–Plaintiffs,**

v.

**Lanie DAVIS, Appellee–Defendant.**

No. 32A01–0603–CV–85.

Court of Appeals of Indiana.

July 20, 2006.

Clifford W. Shepard, Indianapolis, IN, Attorney for Appellants.

## OPINION

BAILEY, Judge.

### Case Summary

Appellants–Plaintiffs Jonathan and Kelly Hill (collectively, "Tenants") appeal the trial court's award of attorney's fees, in the amount of $6,300.00, as being inadequate. We affirm.

### Issue

Tenants raise one issue, which we restate as whether the small claims court abused its discretion by reducing the amount of attorney's fees sought from $13,857.00 to $6,300.00.

### Facts and Procedural History

In a prior appeal, another panel of this Court summarized the relevant facts as follows:

> On August 21, 2003, Tenants entered into a lease agreement with [Lanie Davis ("Landlord")] to lease the residential property at 7954 West Main Street in Coatesville, Indiana. The lease was for a period of one year, and Tenants paid Landlord a security deposit of $500.
>
> On May 10, 2004, Tenants sent Landlord a letter notifying her that they were dissatisfied with the rental property and that they would be vacating the premises by June 9, 2004. On May 19, 2004, Landlord filed a notice of claim for damages against Tenants in the small claims court. In her notice of claim, Landlord alleged that "[Tenants were] in breach of a Lease due to unpaid rent and utility bills" and demanded judgment against Tenants for $3,000.00 plus interest, at-
torney's fees, and costs. Landlord sent the notice of claim to Tenants at the rental property address in Coatesville.
>
> On June 9, 2004, Tenants moved out of the rental property, but they did not leave a forwarding address because they were homeless. On June 15, 2004, the notice of claim was returned to the small claims court as undelivered. On June 17, 2004, Landlord filed an alias notice of claim and alleged the same damages as in her original notice of claim. Landlord sent the alias notice of claim to Tenants at Kelly's place of employment, and Tenants received service.
>
> On August 17, 2004, Landlord appeared with counsel and Tenants appeared pro se for a bench trial in the small claims court. Tenants moved to continue the trial so that they could hire counsel, and the small claims court granted the continuance. During the hearing, the small claims court asked Tenants where they were living and receiving mail. Jonathan responded that their address was 1882 Knox Drive, Clayton, Indiana, 46118. The small claims court changed its chronological case summary ("CCS") to reflect the Clayton address for Jonathan. Thereafter, the small claims court mailed a copy of its CCS entry, which showed that the bench trial had been rescheduled for September 14, 2004 and which contained Tenants' home address in Clayton, to Landlord's attorney and to Tenants.
>
> Tenants obtained counsel and moved to continue the trial. The small claims court ultimately reset the trial for October 26, 2004. On October 17, 2004, Tenants filed a counterclaim and alleged that they were entitled to return of their $500 security deposit because Landlord had failed to send them an itemized list of damages within forty-five days of them providing their forwarding address.

*Hill v. Davis*, 832 N.E.2d 544, 545–46 (Ind. Ct.App.2005) (footnote omitted). After conducting a bench trial, the small claims court entered judgment in favor of Landlord, in the amount of $3,000.00 for rent, late charges, and unpaid utility charges. *Id.* at 548. The small claims court also awarded attorney's fees to Landlord in the amount of $350.00, as well as court costs in the amount of $44.00. *Id.*

Tenants timely appealed the small claims court's judgment, arguing that it was clearly erroneous in light of Indiana Code 32–31–3, i.e., the Security Deposit Statute.[1] The *Hill* Court agreed, reversed the judgment of the small claims court, and remanded with instructions to enter judgment in favor Tenants and to determine the proper amount of attorney's fees and costs. *Hill*, 832 N.E.2d at 555.

On remand, Tenants sought attorney's fees in the aggregate amount of $13,857.00, plus costs in the amount of $969.03. Tenants attached to their motion for attorney's fees an affidavit from attorney Clifford Shepard ("Shepard"), who began representing them on August 24, 2004, that detailed his legal experience, in general, and his knowledge of consumer law issues, in particular. In his affidavit, Shepard explained that he has personally expended "39.90 hours" representing Tenants in this action, for a resulting fee of $10,573.50, and, further, that two of his paralegals have expended 31.5 hours, resulting in a fee of $3,283.50.[2] After conducting a hearing on the reasonableness of Tenants' attorney's fees, the small claims court awarded Tenants the return of their $500.00 security deposit, $6,300.00 in attorney's fees, as well as $969.03 in costs. Tenants now appeal the trial court's award of attorney's fees as inadequate.

## Discussion and Decision

On appeal, Tenants argue that the trial court abused its discretion by awarding them attorney's fees in the amount of $6,300.00, instead of the

---

1. Indiana Code Section 32–31–3–12, provides, for example:
   (a) Upon termination of a rental agreement, a landlord shall return to the tenant the security deposit minus any amount applied to:
   (1) the payment of accrued rent;
   (2) the amount of damages that the landlord has suffered or will reasonably suffer by reason of the tenant's noncompliance with law or the rental agreement; and
   (3) unpaid utility or sewer charges that the tenant is obligated to pay under the rental agreement;
   all as itemized by the landlord with the amount due in a written notice that is delivered to the tenant not more than forty-five (45) days after termination of the rental agreement and delivery of possession. The landlord is not liable under this chapter until the tenant supplies the landlord in writing with a mailing address to which to deliver the notice and amount prescribed by this subsection. Unless otherwise agreed, a tenant is not entitled to apply a security deposit to rent.

   (b) If a landlord fails to comply with subsection (a), a tenant may recover all of the security deposit due the tenant and reasonable attorney's fees.
   (c) This section does not preclude the landlord or tenant from recovering other damages to which either is entitled.
   (d) The owner of the dwelling unit at the time of the termination of the rental agreement is bound by this section.

2. Indiana Code Section 1–1–4–6 provides:
   (a) As used in this section, "paralegal" means a person who is:
   (1) qualified through education, training, or work experience; and
   (2) employed by a lawyer, law office, governmental agency, or other entity; to work under the direction of an attorney in a capacity that involves the performance of substantive legal work that usually requires a sufficient knowledge of legal concepts and would be performed by the attorney in the absence of the paralegal.
   (b) A reference in the Indiana Code to attorney's fees includes paralegal's fees.

$13,857.00 requested.[3] Indiana follows the "American Rule" that each party involved in litigation must pay its own attorney's fees. *Salcedo v. Toepp*, 696 N.E.2d 426, 435 (Ind.Ct.App.1998). Generally, attorney's fees are not recoverable from the opposing party as costs, damages, or otherwise, "in the absence of an agreement between the parties, statutory authority, or rule to the contrary." *Swartz v. Swartz*, 720 N.E.2d 1219, 1223 (Ind.Ct. App.1999) (citations omitted).

Here, as the *Hill* Court aptly noted, Indiana Code Section 32–31–3–12(b) permits a tenant to recover reasonable attorney's fees if his or her landlord failed to comply with the statutory requirement of providing an itemized list of damages within forty-five days of the termination of the rental agreement and delivery of the property. *See* Ind.Code § 32–31–3–12; *see also Hill*, 832 N.E.2d at 554. Further, the *Hill* Court determined that, under the facts and circumstances of this case, Landlord failed to comply with the notice requirements of the security deposit statute. *See Hill*, 832 N.E.2d at 555. Accordingly, pursuant to Indiana Code Section 32–31–3–12 and the doctrine of res judicata, Tenants are entitled to recover their reasonable attorney's fees in defending against Landlord's claim and in pursuing their counterclaim.

That said, a trial court's decision as to the amount of an attorney's fee award is reviewed under an abuse of discretion standard. *Kellogg v. City of Gary*, 562 N.E.2d 685, 715 (Ind.1990); *see also Evans v. Tuttle by Tuttle*, 645 N.E.2d 1119, 1121

(Ind.Ct.App.1995). An award of attorney's fees will be reversed on appeal only where an abuse of the trial court's discretion is apparent on the face of the record. *Daimler Chrysler Corp. v. Franklin*, 814 N.E.2d 281, 287 (Ind.Ct.App.2004). An abuse of discretion occurs when the trial court's award is clearly against the logic and effect of the facts and circumstances before the court. *Patricia Ann Brown, C.P.A. v. Brown*, 776 N.E.2d 394, 397 (Ind.Ct.App. 2002), *trans. denied.*

■ In addition, our Rules of Professional Conduct provide a non-exclusive list of factors to be considered when determining the reasonableness of a fee. These include:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

---

**3.** In addressing Tenants' claim of error, we observe that Landlord has failed to file an appellee's brief. When an appellee fails to submit a brief in accordance with our rules, we need not undertake the burden of developing an argument for the appellee. *Johnson County Rural Elec. Membership Corp. v. Burnell*, 484 N.E.2d 989, 991 (Ind.Ct.App.1985). Indiana courts have long applied a less strin-

gent standard of review with respect to showings of reversible error when an appellee fails to file a brief. *Id.* Thus, we may reverse the trial court if the appellant is able to establish prima facie error. *Jones v. Harner*, 684 N.E.2d 560, 562 n. 1 (Ind.Ct.App.1997). In this context, "prima facie" is defined as "at first sight, on first appearance, or on the face of it." *Id.* (internal citations omitted).

(8) whether the fee is fixed or contingent.

Ind. Professional Conduct Rule 1.5. While these factors provide useful guidelines to determine the reasonableness of an award of attorney's fees, evidence is not required on each factor. *Posey v. Lafayette Bank & Trust Co.*, 583 N.E.2d 149, 152 (Ind.Ct. App.1991), *trans. denied.*

On appeal, Tenants challenge the sufficiency of the attorney's fee award, arguing that the reduction in fees constitutes an abuse of discretion because Tenants "essentially tendered to the Trial Court uncontroverted evidence as to a majority, if not all, of the factors contained in Ind. Professional Rule 1.5."[4] Appellants' Br. at 9. We disagree.

At the hearing for example, Landlord, through her counsel, offered evidence from another attorney, Paul A. Hadley ("Hadley"), regarding a customary attorney's fee for the representation of a small claims action. Specifically, Hadley—a fifteen-year legal veteran who represented Landlord in the small claims trial and on appeal—testified that he charges a flat fee of approximately $400.00 for representing clients in small claims matters. He explained that, in small claims actions, he

does not bill his time, which generally consists of a brief consultation with the client, finding details, making copies, preparing and filing the Notice of Claim with the small claims court, and presenting the claim at a subsequent hearing. The trial court also admitted into evidence five exhibits, representing judgments in other small claims actions where Hadley's clients received a reasonable attorney's fee award of between $136.00 and $150.00.[5]

In addition, and with regard to appellate attorney fees,[6] Hadley testified that he "generally charges somewhere between Twenty-five to Three Thousand Dollars ($2500-$3000) flat fee for the appeal," and that he only charged Landlord $750.00 for taking the appeal in *Hill.* Tr. at 57. Accordingly, the record contains evidence, which casts doubt upon the reasonableness of Tenants' request for $13,857.00 in attorney's fees for a small claims trial and appeal. In light of this evidence and, further, because the trial judge—as an attorney—has personal expertise that he or she may use when determining the reasonableness of an attorney's fee award, we cannot say that the trial court abused its discretion by reducing Tenants' request for $13,857.00 in attorney's fees. *See, e.g.,*

4. In their appellant's brief, Tenants argue that the award of attorney's fees is clearly erroneous because it is contrary to law. However, we rephrase their contention to reflect the appropriate standard of appellate court review.

5. At trial, Tenants objected to the admission of these exhibits on relevancy grounds but the trial court overruled the objections. On appeal, Tenants do not challenge the admission of these exhibits.

6. It is important to note that, while silent on the issue of appellate attorney's fees, the Security Deposit Statute allows a successful tenant to recover "reasonable attorney's fees." *See* Ind.Code §§ 32–31–3–12(b) and 32–21–3–16. In *Beeson v. Christian*, 594 N.E.2d 441,

443 (Ind.1992), our Supreme Court held that Indiana Code Section 31–1–11.5–16, which permits the trial court to order a party to pay a *reasonable amount* for the cost to the other party of maintaining or defending any proceeding in connection with the marriage dissolution, includes an award of reasonable appellate attorney fees.

Similarly, here, Indiana Code Sections 32–31–3–12(b) and 32–21–3–16 do not expressly exclude appellate attorney's fees. Rather, they allow the recovery of reasonable attorney's fees. Certainly, appellate attorney's fees were incurred in the Tenants' prosecution of the action. We find the language of the statutes broad enough to encompass appellate attorney's fees. *See, e.g., Daimler Chrysler Corp. v. Franklin*, 814 N.E.2d 281, 286 (Ind. Ct.App.2004).

*Weiss v. Harper*, 803 N.E.2d 201, 208 (Ind. Ct.App.2003). Moreover, because Tenants have failed to demonstrate that the attorney's fee award constitutes an abuse of discretion on its face, we affirm the award.[7]

For the foregoing reasons, we affirm the small claims court's award of attorney's fees to Tenants in the amount of $6,300.00.

Affirmed.

KIRSCH, C.J., and CRONE, J., concur.

---

7. We recognize that, by allowing them to recover the return of the $500.00 security deposit and $6,300.00 in attorney's fees, Tenants' aggregate award exceeds the small claims court's jurisdictional limit of $6,000.00. *See* Ind.Code § 33–29–2–4(b) ("The small claims docket has jurisdiction over ... Civil actions in which the amount sought or value of the property sought to be recovered is not more than six thousand dollars ($6,000).". However, we believe that an award of attorney's fees, like costs, is ancillary to the "amount sought," i.e., the security deposit, and, therefore, is not constrained by the jurisdictional limitation. *But see Pinnacle Properties v. Saulka*, 693 N.E.2d 101, 106 (Ind.Ct.App.1998) (holding that, pursuant to Indiana Code Section 33–5–2–4, which is now Indiana Code Section 33–29–2–4, the total amount of the judgment, apart from court costs, must not exceed the jurisdictional amount for small claims actions), *trans. denied.*