**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Oct 22 2013, 5:25 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**RICHARD WAYNE GREESON**
Connersville, Indiana

ATTORNEY FOR APPELLEE:

**GARY E. SMITH**
Smith Harvey Law Office
Connersville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

GABRIEL MCCREARY,           )
                            )
    Appellant-Plaintiff,    )
                            )
        vs.             )       No.  21A01-1212-CC-554
                            )
CONNERSVILLE STORAGE        )
AND MINIWAREHOUSING,        )
                            )
    Appellee-Defendant.     )

APPEAL FROM THE FAYETTE SUPERIOR COURT
The Honorable Beth A. Butsch, Special Judge
Cause No. 21D01-1001-CC-24

**October 22, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

This case involves the improper sale of appellant-plaintiff Gabriel McCreary's personal property by appellee-defendant Connersville Storage and Warehousing (Connersville Storage). McCreary had failed to pay his monthly storage fee,[1] and Connersville Storage seized and sold his belongings. The trial court determined that it had done so in violation of Indiana law, and awarded McCreary $763.50 in damages for his lost property, as well as $7,522.50 in attorney fees. Unsatisfied with the amount of damages and attorney fees awarded, McCreary appeals.

FACTS

In September 2007, McCreary contracted with Connersville Storage, agreeing to pay $45 each month in exchange for storage space. McCreary breached the contract sometime in 2009 when he failed to pay the storage rent. After sending McCreary three notices, Connersville Storage seized the property McCreary had placed in his storage unit and sold it pursuant to the terms of their contract.

On September 28, 2009, McCreary filed a small claims action against Connersville Storage for loss of personal property. Following a bench trial on August 18 and November 1, 2011, findings of fact were requested pursuant to Trial Rule 52. The trial court found that the contract contained ambiguous language about the disposal of a renter's goods upon default and that Connersville Storage failed to comply with the

---

[1] While the record does not specify the number of months McCreary failed to pay his storage fee, it does indicate that McCreary was continually delinquent in his payments.

requirements of Indiana Code section 26-3-8-12(c).[2] McCreary testified that his goods had an actual and sentimental value of $8,382, and that he had incurred attorney fees in the amount of $16,200. He also asked for treble damages. McCreary presented the trial court with his attorney's affidavit, which documented the hourly rate and time that was spent on his case.

At the trial, Connersville Storage introduced into evidence the bankruptcy petition McCreary filed on October 15, 2009, in which he valued all his household goods and wearing apparel at $600.

The trial court found that McCreary's claim of $8,382 in damages was excessive, and determined that Connersville Storage had disposed of the property in a commercially reasonable manner. Because of these findings, the trial court set the value of McCreary's personal property at $763.50, and awarded McCreary $7,522.50 in attorney fees. McCreary contends that the trial court applied an incorrect legal standard in valuing his personal property and erred in calculating his attorney fees. McCreary now appeals.

DISCUSSION AND DECISION

I. Valuation of Personal Property

McCreary argues that the trial court applied the incorrect legal standard when it valued his property. He contends that the court should have valued his property by

---

[2] Ind. Code § 26-3-8-12(c) requires an owner enforcing an owner's lien to send notices by registered or certified mail and include an itemized statement of the owner's claim showing the amount due and the date it became due. It also gives instructions for proper notice of auction or sale. Connersville Storage failed to conform to these requirements.

determining its value to him, and argues that it failed to consider the use and replacement value of the property.

The trial court entered findings of fact and judgment concerning the value of McCreary's property pursuant to Rule 52. These findings will not be set aside unless the trial court's judgment was "clearly erroneous," and regard is given to the trial court's opportunity to judge the credibility of witnesses. Ind. Trial Rule 52(A). "This deferential standard of review is particularly important in small claims actions, where trials are 'informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law.'" City of Dunkirk Water & Sewage Dept. v. Hall, 656 N.E.2d 115, 116 (Ind. 1995) (quoting Ind. Small Claims Rule 8(A)).

Given McCreary's own valuation of his goods at $600 on his October 2009 bankruptcy petition and the sale price at auction, the trial court's $763.50 dollar judgment is not "clearly erroneous." Ex. 1 p. 10. See Ponziano Const. Services v. Quadri Enterprises LLC, 980 N.E.2d 867, 873 (Ind. Ct. App. 2012) (stating that this Court will not overturn a judgment for damages if the amount is within the scope of the evidence before the trial court). Moreover, the fact that McCreary left his personal possessions in a storage unit for which he failed to pay does not support the contention that they held great personal or use value. Appellant's App. p. 11, 12. Additionally, this Court has found that "the best method to ensure fairness to both parties is to receive a wide range of elements for consideration in the actual value." Campins v. Capels, 461 N.E.2d 712, 721 (Ind. Ct. App. 1984).

4

In light of these facts and circumstances, we cannot say that the trial court applied the incorrect legal standard or erred in valuing McCreary's property. Consequently, these arguments fail.

## II. Attorney Fees

McCreary also argues that the trial court erred in calculating his attorney fees. He claims that the trial court abused its discretion when it reduced the hours and hourly rate contained in the attorney's affidavit.

When reviewing a trial court's decision regarding the amount of an attorney fee award, this Court uses an abuse of discretion standard. Hill v. Davis, 850 N.E.2d 993, 993 (Ind. 2006). An award of attorney fees will be reversed only where an abuse of the trial court's discretion is apparent on the face of the record and only if the award is clearly against the logic and effect of the facts and circumstances before the court. Id. at 993.

Our Supreme Court has stated that the Rules of Professional Conduct provide the factors to be considered in determining reasonable attorney fees. In re Order for Mandate of Funds, 873 N.E.2d 1043, 1049 (Ind. 2007). The trial court has the discretion to consider a wide variety of factors, including, but not limited to, the requisite skill to perform the legal services under consideration, the time and labor required, and the fee customarily charged for similar legal services. Prof. Cond. R. 1.5. Furthermore, the trial court judge possesses personal expertise he or she may use in determining a reasonable amount of attorney fees. Mason v. Mason, 775 N.E.2d 706, 709 (Ind. Ct. App. 2002).

5

As discussed above, the trial court appropriately determined that McCreary had grossly overvalued the personal property sold by Connersville Storage. Upon examining the attorney fee affidavit regarding the hourly rate and the time spent on the case, the trial court awarded McCreary $7,522.50, which was a generous amount in relation to the $763.50 judgment. As a result, we decline to set aside the attorney fee award.

The judgment of the trial court is affirmed.

FRIEDLANDER, J., and VAIDIK, J., concur.