James LILE d/b/a Lile's Body Shop and Trailer Sales, Appellant,

v.

Edward and Kelly KIESEL, Appellees.

No. 82A01–0609–CV–376.

Court of Appeals of Indiana.

Aug. 15, 2007.

**OPINION**

RILEY, Judge.

*STATEMENT OF THE CASE*

Appellant–Defendant, James Lile (Lile) d/b/a Lile's Body Shop and Trailer Sales (Lile's), appeals the trial court's judgment ordering him to refund Appellees–Plaintiffs, Edward (Edward) and Kelly Kiesel (Kelly) (collectively, the Kiesels), $3,059.00 plus post-judgment interest.

We affirm.

*ISSUE*

Lile's raises one issue on appeal, which we restate as: Whether the trial court properly allowed the Kiesels to revoke their acceptance of a pull-behind enclosed trailer purchased from Lile's.

*FACTS AND PROCEDURAL HISTORY*

On May 27, 2005, the Kiesels purchased a new, white, single axle, six feet by twelve feet, pull-behind enclosed trailer from Lile's for $3,059.00. The trailer, manufactured by United Trailers (United), came with a five-year limited warranty that included a one-year warranty on seals and plywood. That same day, the Kiesels took the trailer on a camping trip. It rained that night, and the Kiesels noticed water inside the trailer, near the door, the next morning. The following week, it rained again and Edward noticed that more water had pooled inside the trailer, this time in other areas in addition to the section by the door. On June 6, 2005, Edward spoke to Lile in person regarding the leak, and Lile agreed to look at the trailer. On June 11, 2005, Edward brought the trailer into Lile's and parts of the trailer's roof were replaced with new silicone.

One week later, after another rain, the trailer once again leaked. This time, Kelly reported to Lile that the trailer was still leaking and demanded a full refund. Lile refused to give the Kiesels a refund, but offered to seal any leaks, replace the interior walls and flooring, and sand and paint the trailer's frame. Lile, who would have been reimbursed for the cost of the repairs by United, ordered materials to repair the

trailer; however, the Kiesels took the trailer to Doss Paint and Body Shop (Doss) for an estimate and opinion on the cause of the leak. Doss expressed a belief that due to rust damage found inside the trailer, the water leaks had been in existence for a longer period of time than the Kiesels had owned the trailer.

The Kiesels then initiated a lawsuit against Lile's and United in Gibson County, as well as filed complaints with the Indiana Attorney General's Office and the Better Business Bureau of Indiana. The complaint filed in Gibson County, however, was dismissed due to improper venue. On September 6, 2005, the Kiesels filed suit in Vanderburgh County in the Small Claims Division. On May 25, 2006, a bench trial was held. On May 30, 2006, the trial court issued a general judgment against Lile's, directing Lile's pay the Kiesels $3,059,00 plus post-judgment interest at 8%.

Lile's now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

Lile's argues that the trial court erred in ordering him to refund the Kiesels for the purchase price of the trailer. Specifically, Lile's contends that the Kiesels accepted the trailer and consequently had a duty to work in good faith with Lile's to resolve any disputes. Thus, Lile's claims that, in refusing its offer to repair the trailer, the Kiesels did not act in good faith.

■ Under Indiana Small Claims Rule 11(A), judgments in small claims action are "subject to review as prescribed by relevant Indiana rules and statutes." *Trinity Homes, LLC v. Fang*, 848 N.E.2d 1065, 1067 (Ind.2006). In the appellate review of claims tried by the bench without a jury, the reviewing court shall not set aside the judgment unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. Ind. Trial Rule 52(A); *Bennett v. Broderick*, 858 N.E.2d 1044, 1047 (Ind.Ct.App.2006), *trans. denied*. A judgment is clearly erroneous when a review of the materials on appeal leaves us firmly convinced that a mistake has been made. *Barber v. Echo Lake Mobile Home Com.*, 759 N.E.2d 253, 255 (Ind.Ct.App. 2001). In our review, we presume that the trial court correctly applied the law, and we will not reweigh the evidence or determine the credibility of witnesses but will consider only the evidence that supports the judgment and the reasonable inferences to be drawn therefrom. *Id.; Bennett*, 858 N.E.2d at 1048. This deferential standard of review is particularly important in small claims actions, where trials are informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law. Ind. Small Claims Rule 8(A); *Hill v. Davis*, 832 N.E.2d 544, 548 (Ind.Ct.App. 2005), *on subsequent appeal*, 850 N.E.2d 993 (Ind.Ct.App.2006).

■ First, Lile's asserts that the Kiesels accepted the trailer, and consequently could not reject the goods. We agree that in purchasing the trailer, using it on more than one occasion, as well as licensing and titling it in their names, the Kiesels accepted the trailer and lost any right to reject the sale of the trailer. *See* Ind.Code §§ 26–1–2–606; 26–1–2–602; 26–1–2–607. However, even though acceptance precludes the rejection of goods, it does not impair a buyer's ability to revoke acceptance and seek a remedy for the nonconformity of goods. I.C. §§ 26–1–2–607(2); 26–1–2–608. Specifically, I.C. § 26–1–2–608 provides for the revocation of acceptance of goods in whole or in part, stating:

(1) The buyer may revoke his acceptance of a lot or commercial unit whose non-conformity substantially

impairs its value to him if he has accepted it

   (a) on the reasonable assumption that its non-conformity would be cured and it has not been seasonably cured; or

   (b) without discovery of such non-conformity if his acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances.

(2) Revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the ground for it and before any substantial change in condition of the goods which is not caused by their own defects. It is not effective until the buyer notifies the seller of it.

(3) A buyer who so revokes has the same rights and duties with regard to the goods involved as if he had rejected them.

Here, the record indicates that Edward made several visits to Lile's prior to purchasing the trailer, eventually negotiating a price with Lile and scheduling a pick-up date of May 27, 2005. After immediate use on a camping trip and an overnight rain, the Kiesels noticed water pooling near the door of the trailer. A few days later, after another rain, the Kiesels found water in several spots inside the trailer, prompting Edward to report the leaking problem to Lile less than one week after the trailer's purchase.

In our view, there is no question that such leaking and rust damage substantially impairs the value of a trailer. In addition, leaks due to rain would have been difficult to discover prior to the trailer's purchase.

Furthermore, in reporting the problem to Lile's within less than a week of purchasing the trailer, the Kiesels undoubtedly notified Lile's within a reasonable time after they discovered the leaks. As a result, we conclude the Kiesels met the requisite elements under I.C. § 26–1–2–608 for revocation of acceptance of the trailer.

■  Lile's also asks this court to hold that the Kiesels did not act in good faith following their acceptance of the trailer when they refused to allow Lile's to make repairs on the trailer.[1] In particular, Lile's relies on I.C. § 26–1–2–508 to argue that the Kiesels had to give Lile's an opportunity to cure the trailer's defects. We disagree. First, we note that I.C. § 26–1–2–508 pertains to a buyer's *rejection* of nonconforming goods upon delivery. *See* I.C. § 26–1–2–508. (Emphasis added). Lile's has already asked us and we have already concluded that the Kiesels accepted the trailer; consequently, as previously determined, the Kiesels can only *revoke* their acceptance at this point. (Emphasis added). Additionally, there is no evidence in the record to suggest that the Kiesels did not act in good faith in dealing with Lile's. In fact, although they were not obligated to do so, the record clearly shows that the Kiesels gave Lile's an opportunity to cure the leaks when they brought the trailer into Lile's for replacement of silicone on parts of the trailer's roof. Thus, it is our conclusion that the trial court made no clear error in issuing its judgment in favor of the Kiesels. Accordingly, the trial court properly ordered Lile's to reimburse the Kiesels for the purchase price of the trailer in the amount of $3,059.00 plus post-judgment interest. *See* I.C. § 26–1–2–711.

---

1. Under the Uniform Commercial Code, every contract or duty pertaining to the sale of goods imposes an obligation of good faith in its performance or enforcement. *See* I.C. § 26–1–2–203.

## CONCLUSION

Based on the foregoing, we conclude that the Kiesels rightfully revoked acceptance of the trailer they purchased from Lile's, and the trial court properly ordered Lile's to fully refund the Kiesels the purchase price of the trailer.

Affirmed.

NAJAM, J., and BARNES, J., concur.