**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANTS:

**MARK A. PSIMOS**
Merrillville, Indiana

ATTORNEY FOR APPELLEE:

**ADAM C. HAWKINS**
Chicago, Illinois

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DORITA P. LEE and BREALON MILLER, | ) | |
| | ) | |
| Appellants-Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1211-SC-491 |
| | ) | |
| ELIZABETH HAMILTON, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Michael N. Pagano, Magistrate
Cause No. 45D09-1206-SC-1694 & 45D09-1206-SC-1695

**May 21, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

Appellants-Plaintiffs, Dorita Lee (Dorita) and Brealon Miller (Brealon) (collectively, Appellants), appeal the Lake County Superior Court, Small Claims Division's judgment in their favor against Appellee-Defendant, Elizabeth Hamilton (Hamilton).

We affirm.

## ISSUE

Appellants raise one issue on appeal, which we restate as: Whether the trial court erred in awarding them zero damages.

## FACTS AND PROCEDURAL HISTORY

On December 31, 2011, Hamilton traveled to a Walgreen's store in Gary, Indiana to buy some artichokes for her family's New Year's Eve dinner. Hamilton parked her car in the store's congested parking lot. Appellants traveled to the same store on their way to Chicago for a New Year's Eve party. Dorita was driving her pastor's vehicle and Brealon, her son, needed some minutes for his prepaid phone. Dorita parked her vehicle to the right of Hamilton's while Brealon went in the store. After Brealon returned, Dorita backed out of her parking space, moving the vehicle some distance behind and to the left of Hamilton's vehicle.

Meanwhile, Hamilton had returned to her vehicle and turned the engine on. Dorita had stopped her vehicle because she saw Hamilton's reverse lights come on. Dorita waited for Hamilton's vehicle to back out. Hamilton looked but did not see anyone and

2

put her car in reverse. As Hamilton backed out, she traveled approximately a car length before hitting the front of Dorita's vehicle. As she saw Hamilton's vehicle coming toward her, Dorita did not use her horn but braced herself for the impact. The impact sent Appellants' bodies backward then forward but they did not hit any part of the interior nor did the impact move their vehicle.

Hamilton exited her vehicle to ask if Appellants were okay and why Dorita did not sound the horn. Dorita said that she was unhurt and that Hamilton was backing out too fast. Dorita told Hamilton that she had just finished therapy and that the vehicle was not damaged. Neither Dorita nor Brealon had any cuts, bruises, or fractures from the accident. Police arrived thereafter and completed an accident report. All parties remained at the scene and Brealon remained in Appellants' vehicle. After their vehicle arrived home, Brealon changed one of the tires by himself.

On January 23, 2012, Dorita and Brealon saw Dr. Joseph Refkin (Dr. Refkin), a chiropractor who had treated Dorita and one of her other children regarding another car accident in April 2011. Dorita and Brealon completed separate patient information sheets. Dorita indicated that the condition began on January 4, 2012 but Brealon indicated that his condition began the following day, January 5. 2012. While Dorita said that she braced for the impact with Hamilton's vehicle, Brealon did not. Dr. Refkin's initial exam report listed the date of the accident consistent with the dates that Dorita and Brealon stated their condition began. Dr. Refkin opined that their injuries were the "direct result of the automobile accident." (Appellants' App. p. 31). After their initial

3

examinations, Dorita and Brealon received approximately twenty treatments over the course of two months, with Dr. Rifkin releasing them from care on March 26, 2013. The total cost of services was $2,959 for Dorita and $2,672 for Brealon.

On June 18, 2012, Dorita and Brealon separately filed their notice of claim against Hamilton. Appellants alleged personal injuries resulting from the collision and each sought $6,000 in damages. On September 27, 2012, a bench trial was held and the cases were consolidated. After the presentation of evidence, the trial court took the matter under advisement. That same day, it granted judgment in favor of Appellants but awarded them zero damages. In its written judgment, the trial court found that Hamilton was 100% at fault for the collision with Appellants' vehicle. With respect to the $6,000 in damages sought by both Appellants, the trial court found that they did not carry their burden. Specifically, although they were treated for soft tissue injuries with Dr. Refkin three weeks after the collision, the trial court concluded that neither had established causation, the extent of their injuries, or the necessity of such treatment at trial. On October 23, 2012, Appellants filed a motion to correct error which the trial court denied the same day.

Appellants now appeal. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

Under Indiana Small Claims Rule 11(A), judgments in small claims action are subject to review as prescribed by relevant Indiana rules and statutes. *Lile v. Kiesel*, 871 N.E.2d 995, 997 (Ind. Ct. App. 2007). In the appellate review of claims tried by the

4

bench, the reviewing court shall not set aside the judgment unless clearly erroneous, and due regard shall be given to the opportunity of the small claims court to judge the credibility of the witnesses. *See id.* A judgment is clearly erroneous when a review of the materials on appeal leaves us firmly convinced that a mistake has been made. *Id.* In our review, we presume that the trial court correctly applied the law, and we will not reweigh the evidence or determine the credibility of witnesses but will consider only the evidence that supports the judgment and the reasonable inferences to be drawn therefrom. *Id.* This deferential standard of review is particularly important in small claims actions, where trials are informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law. *Id.*

Appellants argue that the small claims court erred in awarding them zero damages despite finding Hamilton 100% liable. Specifically, they claim that the evidence established causation, the extent of their injuries, and the necessity of chiropractic treatment from Dr. Refkin. In contrast, Hamilton argues that substantial evidence supported the judgment based upon the nature of the accident, the delay of Appellants in seeking treatment, and a discrepancy with respect to the date of the accident.

Under Indiana law, all damages directly attributed to the wrong done are recoverable. *Ridgeway v. Teshoian*, 699 N.E.2d 1156, 1160 (Ind. Ct. App. 1998). The law allows an injured plaintiff to recover the reasonable cost of necessary medical expenses. *Dee v. Becker*, 636 N.E.2d 176, 178 (Ind. Ct. App. 1994). However, the burden of proof with respect to damages is with the plaintiff. *Tamko Roofing Products,*

5

*Inc. v. Dilloway*, 865 N.E.2d 1074, 1078 (Ind. Ct. App. 2007). Thus, while it is undisputed that Appellants incurred medical expenses, it was Appellants' burden to prove by a preponderance of the evidence the expenses that were incurred as a proximate result of the collision. *See Matovich v. Rodgers*, 784 N.E.2d 954, 958 (Ind. Ct. App. 2003).

Although Appellants argue that Dr. Refkin's reports establish causation, both parties testified that the collision was not significant. Hamilton testified that the damage to Appellants' vehicle was slight, with a cut appearing on the middle of the front bumper. A photograph depicting the bumper of Hamilton's vehicle showed three indentations, which Hamilton explained were from a prior accident. Although Brealon testified that their vehicle was towed, the accident report indicates that neither vehicle was towed. Brealon testified that the front bumper of their car was hanging down and the windshield washer container under the hood was broken. However, Appellants did not present any photographs depicting damage to their vehicle. Thus, the small claims court could reasonably conclude that the damage to their vehicle, if any occurred, was slight and not the proximate cause of their injuries.

Further inconsistencies appeared in the medical records. Hamilton asked Dorita if she was injured and Dorita replied that she was not. Brealon admitted to changing the tire of the vehicle by himself. Appellants did not seek medical attention for their injuries for more than three weeks after the accident. In addition to giving a different date for the onset of their symptoms, Dr. Refkin's reports state that the accident occurred on January 4 and 5, 2013, respectively. Although Appellants ask us to conclude that the onset of

6

symptoms did not coincide with the date of the accident, this is a request to reweigh the evidence and determine witness credibility, which we cannot do. *See Lile*, 871 N.E.2d at 997. In sum, Appellants' claim on appeal assumes that the small claims court was required to believe their testimony that the injuries resulted from the collision with Hamilton. *See Flores v. Gutierrez*, 951 N.E.2d 632, 636 (Ind. Ct. App. 2011), *trans. denied*. But the small claims court was within its fact-finding discretion to discredit their testimony. *See id*. Consequently, Appellants have not met their burden to demonstrate clear error and we therefore affirm the small claims court's judgment.

## CONCLUSION

Based on the foregoing, we conclude that the small claims court did not err in awarding Appellants zero damages.

Affirmed.

BRADFORD, J. and BROWN, J. concur