**PATRICIA ANN BROWN, C.P.A.,**
**Appellant–Plaintiff,**

v.

**Patricia A. BROWN, Appellee–**
**Defendant.**

No. 49A02–0202–CV–125.

Court of Appeals of Indiana.

Oct. 8, 2002.

William W. Knowles, Millicent E. Hatch, Nicholas T. Buschmann, Knowles & Associates LLC, Carmel, IN, Attorneys for Appellant.

## OPINION

VAIDIK, Judge.

### Case Summary

Patricia A. Brown, C.P.A. (Pat) appeals the trial court's award of damages resulting from her credit being stolen by Patricia A. Brown (Brown). Specifically, Pat asserts that the trial court should have measured her actual damages as the amount of her credit stolen and awarded additional damages for her loss of time and court costs. Pat also challenges whether the trial court adequately assessed attorneys' fees under Indiana Code § 34-24-3-1. We find that Pat has not made a prima facie showing of reversible error to warrant altering the trial court's assessment of damages. We also find that the trial court did not abuse its discretion when ordering Brown to pay $14,000 in attorneys' fees to Pat. We affirm.

### Facts and Procedural History

Pat has owned her own accounting firm for many years and has never had problems in paying her bills on time. Pat has never been adjudicated bankrupt nor does she have any judgments against her for failure to pay her debts. Neither has Pat been contacted by collection agencies about purported past due payments until around 1999.

In 1999, a company contacted Pat stating that the mortgage payments for her property on Sandhill Road in Indianapolis were in arrears; but, Pat did not own any property on Sandhill Road in Indianapolis. Thereafter, she was contacted by another company requesting past due payments on a second mortgage for the same property. After correcting what she thought were clerical errors over social security numbers, Pat believed she had resolved the problem.

Then, in 2000, a credit card company contacted Pat about an outstanding bal-

ance on "her" Visa card; but, she had no such Visa account with that company. After matching the mailing address from the credit card application with the Sandhill Road house in Indianapolis, Pat realized there was a serious problem. Soon, after receiving a copy of her credit history, Pat discovered that another person, Brown, had participated in nearly thirty-five credit transactions in Pat's name. The total credit Brown acquired through the unauthorized use of Pat's personal information totaled $186,108.00 ($144,000 on a first mortgage, $36,000 on a second mortgage, and $6108 on a credit card). As of yet, Pat has not had to pay any of that debt, but she has expended many hours in rectifying her credit history.

Brown conceded to a permanent injunction filed by Pat preventing Brown from further misrepresenting herself as Pat. Pat also filed a complaint against Brown for treble damages as a crime victim under Indiana Code § 34–24–3–1. After Pat filed a motion for summary judgment as to liability and damages, Brown stipulated to liability under the statute but contested the amount of damages. After a hearing on damages, the trial court awarded Pat damages of $30,000.00 and attorneys' fees of $14,000.00. This appeal ensued.

### Discussion and Decision

Pat argues that the trial court erred by inadequately setting the amount of her damages. Specifically, Pat asserts that the trial court should have set the amount of her actual damages as the value of the credit taken by Brown as well as award damages for her loss of time and court costs. Pat also contends that the trial court awarded inadequate attorneys' fees under Indiana Code § 34–24–3–1.

■ Even though the parties stipulated to liability under the treble damages statute, we review the issue to confirm that Pat is entitled to the remedies afforded under the treble damages statute. To qualify for remedies under Indiana Code § 34–24–3–1, Pat must demonstrate that she suffered a pecuniary loss "as a result of a violation of I[ndiana] C[ode § ] 35–43...." Under Indiana Code § 35–43–4–2(a), "A person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use, commits theft, a Class D felony." The definition of "property," as found in Indiana Code § 35–41–1–23(a)(8), includes the "extension of credit." Thus, we find that Pat qualifies for remedies under Indiana Code § 34–24–3–1 due to the theft of her credit by Brown.

### I. Actual Damages

■ We initially note that Indiana Code § 34–24–3–1 allows for a variety of damages, including actual damages (that may be trebled), attorneys' fees, court costs, and damages for loss of time.[1] Pat

---

1. Indiana Code § 34–24–3–1 provides:

   If a person suffers a pecuniary loss as a result of a violation of I.C. 35–43, I.C. 35–42–3–3, I.C. 35–42–3–4, or I.C. 35–45–9, the person may bring a civil action against the person who caused the loss for the following:
   (1) An amount not to exceed three (3) times the actual damages of the person suffering the loss.
   (2) The costs of the action.
   (3) A reasonable attorney's fee.

   (4) Actual travel expenses that are not otherwise reimbursed under subdivisions (1) through (3) and are incurred by the person suffering loss to:
   (A) have the person suffering loss or an employee or agent of that person file papers and attend court proceedings related to the recovery of a judgment under this chapter; or
   (B) provide witnesses to testify in court proceedings related to the recovery of a judgment under this chapter.

concedes that whether to treble her actual damages is subject to the sound discretion of the trial judge, and she does not contest that the trial court did not grant her treble damages. Thus, we will not consider it on review. Therefore, the only disputed issue on appeal is the quantity of actual damages as set by the trial court.

We note that Brown failed to file an appellate brief, and thus she does not challenge the award as excessive. When an appellee fails to file a brief on appeal in accordance with our rules, we may reverse the trial court's decision if the appellant makes a *prima facie* showing of reversible error. *Park Jefferson Apartments v. Storage Rentals*, 738 N.E.2d 685, 687–88 (Ind. Ct.App.2000). "This rule is not for the benefit of the appellant. It was established for the protection of the court so that the court might be relieved of the burden of controverting the arguments advanced for a reversal where such a burden rests with the appellee." *Kokomo Ctr. Township Consol. Sch. Corp. v. McQueary*, 682 N.E.2d 1305, 1307 (Ind.Ct.App.1997) (quotation omitted). "Prima facie error is error appearing at first sight, on first appearance, or on the face of the argument." *Id.* (quotation omitted).

Pat claims that the trial court should have awarded her $186,108.00 as actual damages, the amount of credit that Brown stole from her. However, Pat cites no cases or statutory authority in support of this contention. The record reflects that Pat has not been held responsible for either of the mortgages Brown entered into and has not had to pay on any of Brown's credit transactions. On the contrary, Pat is working to have all such transactions expunged from her credit history. Additionally, the mortgages amounting to $180,000 of the credit stolen are secured by the Sandhill Road property. Therefore, there is no showing by Pat that her actual damages equal the total credit line of $186,108.00 extended to Brown. Because we find that Pat has not made a prima facie showing that the trial court committed reversible error by not awarding her as actual damages the amount of credit Brown stole from her, we will not disturb the trial court's assessment of damages.

## II. Attorneys' Fees

■ Pat also argues that the trial court inadequately awarded attorneys' fees under Indiana Code § 34-24-3-1. Since the trial judge set attorneys' fees at $14,000.00, we will evaluate that award. We review an award of attorneys' fees for an abuse of discretion. *Bacompt Systems, Inc. v. Ashworth*, 752 N.E.2d 140, 146 (Ind. Ct.App.2001), *trans. denied.* The trial court has broad discretion in assessing attorneys' fees, and reversal is warranted only when the trial court's award is clearly against the logic and effect of the facts and circumstances before the court. *Scoleri v. Scoleri*, 766 N.E.2d 1211, 1221 (Ind.Ct. App.2002).

■ Pat correctly points out that the trial court does not have discretion whether to award attorneys' fees under Indiana Code § 34-24-3-1. *See Browning v. Walters*, 616 N.E.2d 1040, 1045 (Ind.Ct.App. 1993), *adhered to on reh'g*, 620 N.E.2d 28 (Ind.Ct.App.1993) ("[I]f a claimant prevails

(5) A reasonable amount to compensate the person suffering loss for time used to:
   (A) file papers and attend court proceedings related to the recovery of a judgment under this chapter; or
   (B) travel to and from activities described in clause(A).
(6) Actual direct and indirect expenses incurred by the person suffering loss to compensate employees and agents for time used to:
   (A) file papers and attend court proceedings related to the recovery of a judgment under this chapter; or
   (B) travel to and from activities described in clause(A).
(7) All other reasonable costs of collection.

under the treble damages statute and proves his actual damages, when attorney's fees have been incurred, an award of reasonable attorney's fees is mandatory"). Pat then asserts that because attorneys' fees are mandatory, the trial court erred by not awarding the exact amount submitted by Pat of $22,547.00. However, this argument neglects to account for the discretion given to the trial court in assessing such fees. A trial court is not required to award exactly what the litigant says her attorneys' fees are in a case. We cannot say that this award was against the logic and effect of the facts and circumstances before the trial court given the fact that Brown conceded to the permanent injunction and stipulated to liability at the summary judgment stage. Thus, we find that the trial court did not abuse its discretion in awarding $14,000 in attorneys' fees to Pat.

■ Finally, Pat seeks attorneys' fees for this appeal. While there are many cases holding that an award of attorneys' fees under Indiana Code § 34–24–3–1 should include appellate attorneys' fees, *see, e.g., Burgett v. Haynes*, 572 N.E.2d 1296 (Ind.Ct.App.1991), *Roake v. Christensen*, 528 N.E.2d 789 (Ind.Ct.App.1988), *Rakes v. Wright*, 498 N.E.2d 101 (Ind.Ct.App.1986), *amended on other grounds by* 500 N.E.2d 234 (Ind.Ct.App.1986), *Campins v. Capels*, 461 N.E.2d 712 (Ind.Ct.App.1984), our review of such cases finds that to be the situation only where the party seeking appellate fees has been successful on appeal. Since Pat has not been successful in her appeal, we deny her request.

Judgment affirmed.

BAKER and BARNES, JJ., concur.