**TAMKO ROOFING PRODUCTS,
INC., Appellant–Defendant,**

v.

**Dennis M. DILLOWAY,
Appellee–Plaintiff.**

No. 46A05–0608–CV–443.

Court of Appeals of Indiana.

May 11, 2007.

John L. Lisher, Osborn Hiner & Lisher, P.C., Indianapolis, IN, Attorney for Appellant.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Defendant, Tamko Roofing Products, Inc. (Tamko), appeals the trial court's Judgment in favor of Appellee–Plaintiff, Dennis Dilloway (Dilloway), for damages in the amount of two thousand nine hundred dollars and no cents ($2,900.00).

We affirm.

### ISSUES

Tamko raises four issues on appeal, which we consolidate and restate as the following three issues:

(1) Whether the trial court abused its discretion by failing to admit into evidence Tamko's Exhibit A and Dilloway's Exhibit 3;

(2) Whether the trial court erred in finding that Tamko waived its right to arbitration; and

(3) Whether the trial court erred in awarding damages to Dilloway.

### FACTS AND PROCEDURAL HISTORY

In or around March of 2004, Dilloway went to Richardson's, a building supply store in Michigan City, Indiana, in search of siding and shingles for his house. He obtained a brochure for Tamko shingles, which he took home to discuss with his wife. Based on pictures in the brochure, he and his wife chose Tamko's "Mountain Slate" colored shingles, and hired David Baker (Baker) to order and install the shingles. Shortly thereafter, on a Monday, Baker began tearing off the old shingles and installing the new Tamko shingles.

On the following Saturday, after Baker had completed the installation, Dilloway observed that the shingles were a completely different color than the "Mountain Slate" he had selected from Tamko's bro-chure. Rather than the primary color being a shade of brown, the shingles reflected an overall blue hue. Dilloway contacted Baker about the discoloration, and confirmed that Baker had ordered Tamko's "Mountain Slate" colored shingles, per Dilloway's request. Consequently, Dilloway telephoned Tamko to notify them of his complaint, and a Tamko representative told Dilloway that he should have viewed, in person, the different shingle color choices before ordering, as variances in color can occur. The Tamko representative also informed Dilloway of a disclaimer on its brochure regarding possible color variations in the shingles, which states: "Reproduction of these colors is as accurate as modern printing will permit. [Tamko] recommends viewing an actual roof installation or several full-sized shingles prior to final color selection for the full impact of color blending and patterns." (Appellant's App. p. 58).

Due to his dissatisfaction with the color, Dilloway had Baker re-shingle the roof with brown shingles, not from Tamko, at a cost of $2,900.00.

On March 16, 2006, Dilloway filed a Complaint for Damages in LaPorte County Superior Court No. 3, Small Claims Division. The complaint was based on an alleged discrepancy in the color of the Tamko shingles. On June 23, 2006, a bench trial was held. After the direct examination of Dilloway, Tamko orally moved for dismissal based a mandatory binding arbitration clause contained in its Limited Warranty, which is printed on all packages of its shingles. The trial court took the motion under advisement, and Tamko proceeded to cross-examine Dilloway. Dilloway then rested its case. In light of its defense that the case was subject to mandatory arbitration, Tamko presented no evidence. Closing arguments

were made and the trial court took the matter under advisement. On July 17, 2006, the following Findings and Judgment were entered:

### Findings and Judgment

1. The [c]ourt has jurisdiction of the parties and issues.

2. [Tamko's] counsel moved for dismissal, arguing that by the parties' contract, [Dilloway's] claim should be submitted to arbitration. The [c]ourt took that motion under advisement. The [c]ourt now finds that [Tamko's] motion comes too late. [Dilloway's] claim was filed on March 13, 2006. Prior thereto, [Dilloway] has been in contact directly with [Tamko]. At no time when he first complained about the quality of the shingles directly to [Tamko] up until the date of trial, did [Tamko] request arbitration. The [c]ourt finds that [Tamko's] Motion to Dismiss is without merit.

3. [Dilloway] has ordered from [Tamko] shingles called 'Mountain Slate.' The preponderance of the evidence established that [Tamko] provided to [Dilloway] shingles that were the wrong color. [Dilloway's] contractor installed the first shingles—the incorrect color—for the cost of $4,600.00. After the mistake was discovered, [Dilloway] had his contractor remove the incorrect shingles and replace them with the new shingles for a cost of $2,900.00.

4. [Dilloway] is entitled to recover [from Tamko] the amount of $2,900.00 for the cost of the replacement shingles.

(Appellant's App. p. 10).

Tamko now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. *Standard of Review*

Ordinarily, judgments in small claims actions are "subject to review as prescribed by relevant Indiana rules and statutes"; and when tried before a bench, without a jury, the reviewing court shall not set aside the judgment "unless clearly erroneous, and due regard shall be given to the opportunity of the trial court judge the credibility of the witnesses." Ind. Small Claims Rule 11(A); *Counceller v. Ecenbarger, Inc.*, 834 N.E.2d 1018, 1021 (Ind.Ct.App.2005). However, Dilloway has chosen not to file an appellate brief in this case. When an appellee fails to submit an appellate brief, it is within this court's discretion to reverse the trial court's ruling if the appellant makes a *prima facie* showing of reversible error. *Patricia Ann Brown, C.P.A. v. Brown*, 776 N.E.2d 394, 397 (Ind.Ct.App.2002), *trans. denied.* "This rule is not for the benefit of the appellant. It was established for the protection of the court so that the court might be relieved of the burden of controverting the arguments advanced for a reversal where such a burden rests with the appellee." *Id.* (quoting *Kokomo Ctr. Township Consol. Sch. Corp. v. McQueary*, 682 N.E.2d 1305, 1307 (Ind.Ct.App.1997)). "Prima facie error is error appearing at first sight, on first appearance, or on the face of the argument." *Brown*, 776 N.E.2d at 397 (internal citation omitted).

### II. *Admission of Evidence*

First, Tamko argues that the trial court erred by failing to admit into evidence Tamko's Exhibit A, a copy of its Limited Warranty, and Dilloway's Exhibit 3, a wrapper from the bundle of Tamko shingles. While both of these exhibits were submitted to the trial court, neither was formally admitted into evidence.

 The trial of a small claims action " 'shall be informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law.' " *LTL Truck Service, LLC v. Safeguard, Inc.*, 817 N.E.2d 664, 668 (Ind. Ct.App.2004). Thus, even though the parties bear the same burdens of proof as they would in a regular civil action on the same issues, the evidentiary rules are relaxed. *Id.* Nevertheless, the burden of proof with respect to damages is with the plaintiff, and the fact finder may not award damages on the mere basis of conjecture or speculation. *Id.*

In the present case, speaking to Tamko's Exhibit A, the trial court stated, "Okay. We'll show Exhibit A submitted." (Transcript p. 20). We conclude that since small claims proceedings are by their nature less formal than plenary proceedings, drawing a distinction between "submitted" and "admitted" is splitting hairs. In our view, the trial court had every intention of *admitting* Tamko's Exhibit A into evidence for its consideration. *See Miller v. Geels*, 643 N.E.2d 922, 932 (Ind.Ct.App. 1994), *trans. denied.*

As for Dilloway's Exhibit 3, which consisted of the wrapping paper for the shingles, we find that while discussing Exhibit 4—pictures of the actual shingles on the roof—the trial court stated, "Give me the wrapping paper they came in, though, and the shingles we'll not keep here. Show the wrapping paper to be Exhibit 3." (Tr. p. 11). The trial court went on to say, "Okay. We'll show Group Exhibit 4 (photos) admitted." (Tr. p. 11). Thus, again, in light of the informal evidentiary setting in a small claims court, we believe that the trial court's statements show an intention to admit both Exhibits 3 and 4. As such, we conclude that the trial court did not err by excluding relevant evidence, and that the exhibits in question were admitted, for all practical purposes, into evidence.

### III. *Arbitration*

 Next, Tamko claims that the trial court erred in finding that it had waived its right to arbitration. Specifically, the trial court denied Tamko's oral motion to dismiss based on the mandatory arbitration clause contained in its Limited Warranty, finding that Tamko had waived its right to arbitration by not requesting to arbitrate the case in a timely manner. However, Tamko asserts that it "requested arbitration prior to any submission of its evidence and prior to any adjudication on the merits by the trial court," and thus timely requested that the case go to arbitration. (Appellant's Br. p. 18).

 Due to the fact that Tamko's oral motion to dismiss was based upon its contention that arbitration was required before litigation, we view the motion more satisfactorily as a motion to compel arbitration. We apply a *de novo* standard of review to a trial court's ruling on a motion to compel arbitration. *Roddie v. North American Manufactured Homes, Inc.*, 851 N.E.2d 1281, 1284 (Ind.Ct.App.2006).

 When determining whether the parties have agreed to arbitrate a dispute, we apply ordinary contract principles governed by state law. *Safety Nat. Cas. Co. v. Cinergy Corp.*, 829 N.E.2d 986, 1000 (Ind. Ct.App.2005), *trans. denied.* Additionally, "[w]hen construing arbitration agreements, every doubt is to be resolved in favor of arbitration," and the "parties are bound to arbitrate all matters, not explicitly excluded, that reasonably fit within the language used." *Id.* (quoting *Mislenkov v. Accurate Metal Detinning, Inc.*, 743 N.E.2d 286, 289 (Ind.Ct.App.2001)); see also *Roddie*, 851 N.E.2d at 1284 (noting Indiana's strong policy in favor of enforcing arbitration agreements). However, arbitration agreements will not be extended

by construction or implication. *Safety Nat. Cas. Co.*, 829 N.E.2d at 1000.

Furthermore, as outlined in *Roddie:*

When a party seeks to compel arbitration, it must satisfy a two-pronged burden of proof. First, it must demonstrate the existence of an enforceable agreement to arbitrate the dispute. Second, it must prove that the disputed matter is the type of claim that the parties agreed to arbitrate. Once the court is satisfied that the parties contracted to submit their dispute to arbitration, the court is required by statute to compel arbitration.

*Roddie*, 851 N.E.2d at 1284.

In the case before us, the record discloses that Tamko's Limited Warranty contains a "Mandatory Binding Arbitration" clause. Tamko's Exhibit A (Index).[1] Nevertheless, the trial court concluded that Tamko had waived any right to mandatory arbitration by not bringing forth a request to arbitrate until after Dilloway presented his case-in-chief. We agree.

 "Although a written agreement to submit a dispute to arbitration is valid and enforceable, the right to require such arbitration may be waived by the parties." *Safety Nat. Cas. Co.*, 829 N.E.2d at 1004 (quoting *Shahan v. Brinegar*, 181 Ind.App. 39, 390 N.E.2d 1036, 1041 (1979)). Such a waiver need not be in express terms and may be implied by the acts, omissions or conduct of the parties. *Safety Nat. Cas. Co.*, 829 N.E.2d at 1004. Whether a party has waived the right to arbitration depends primarily upon whether that party has acted inconsistently with its right to arbitrate. *Id.* Waiver is a question of fact under the circumstances of each case. *Id.* "In determining if waiver has occurred, courts look at a variety of factors, includ-

ing the timing of the arbitration request, if dispositive motions have been filed, and/or if a litigant is unfairly manipulating the judicial system by attempting to obtain a second bite at the apple due to an unfavorable ruling in another forum." *Id.* (quoting *Finlay Properties, Inc. v. Hoosier Contracting, LLC,* 802 N.E.2d 453, 455 (Ind.Ct.App.2003)).

In *Safety Nat. Cas. Co.*, Safety sought to compel arbitration in a dispute with Cinergy, but the trial court concluded that Safety's "failure to respond to Cinergy's five notice letters, its delay in seeking and in moving to compel arbitration once litigation was filed[,] and its acquiescence to its Plaintiff status" resulted in a waiver of Safety's right to arbitration. *Safety Nat. Cas. Co.*, 829 N.E.2d at 1004. However, on appeal, we found that Safety had not acted inconsistently with its right to arbitrate after litigation was filed because Safety had sent Cinergy a letter demanding arbitration and filed a motion to compel arbitration after Cinergy filed its complaint. *Id.* at 1005. In addition, the record revealed that the first pleading filed by Safety was a motion to dismiss itself as a plaintiff on the grounds that the insurance policies in dispute contained arbitration provisions and that selection of an arbitration panel was underway. *Id.*

However, here, the record is absent of any actions by Tamko to compel arbitration until it so moved to dismiss the case at trial, after Dilloway had already presented his evidence. Thus, Tamko asks this court to hold that a request to arbitrate is timely as long as both sides have not yet presented evidence and the trial court has not yet made its ruling. We find this proposition without merit, as such a holding would only foster a system that wastes valuable

---

1. Tamko's Exhibit A can be found in the record's "Index," which provides us with no page numbers. We suggest Tamko consult Ind. Appellate Rule 51(C) when filing Appendices with this court in the future.

judicial time and resources. Therefore, because we find Tamko's timing of an arbitration request was belated and that it filed no dispositive motions prior to trial, we conclude that the trial court properly determined Tamko had waived its right to arbitration. *See Safety Nat. Cas. Co.*, 829 N.E.2d at 1004.

### III. *Breach of Warranty and Breach of Contract*

Tamko's last two arguments essentially contend that the trial court wrongfully awarded damages to Dilloway. First, Tamko claims that if the trial court based its award on a breach of warranty, it incorrectly did so because Dilloway failed to give proper written notice to Tamko of his dissatisfaction with the shingles. Alternatively, Tamko asserts that if the trial court based its award of damages on a breach of contract, it incorrectly did so because there was no contract between it and Dilloway, as Baker—the installer Dilloway hired—actually purchased the shingles.

■ Typically, we apply a clearly erroneous standard in a review of a small claims court's award of damages, and affirm a general judgment with findings if it can be sustained on any legal theory supported by the evidence. *Collections, Inc. v. Wolfe*, 818 N.E.2d 14, 16 (Ind.Ct.App. 2004). However, as previously noted, since Dilloway did not file an appellee's brief in this case, we only look for a *prima facie* showing of reversible error. *See Brown*, 776 N.E.2d at 397.

### A. *Breach of Warranty*

■ First, addressing Tamko's argument that it did not breach any warranty to Dilloway, we find evidence in the record to substantiate Tamko's claim that its Limited Warranty requires that the purchaser notify Tamko by certified mail, within thirty (30) days, following discovery of any problem with the shingles. Nevertheless, an examination of the record also

reveals that Tamko did not argue to the trial court that written notice of dissatisfaction with the shingles was required. Rather, the transcript indicates that Tamko instead argued below that Dilloway did not give reasonable notice to Tamko under I.C. § 26–1–2–607 that the shingles were the wrong color. As a general rule, a party may not present an argument or issue to an appellate court unless the party raised that argument or issue to the trial court. *GKC Indiana Theatres, Inc. v. Elk Retail Investors, LLC.*, 764 N.E.2d 647, 651 (Ind. Ct.App.2002). Therefore, we consider Tamko's argument pertaining to the notification requirements under its Limited Warranty waived for appellate review.

■ As a second theory, Tamko argues that it did not breach any warranty to Dilloway because claims based on variation in the color of the shingles are excluded by language in its Limited Warranty. Again, we fail to find that Tamko made this argument to the trial court. Instead, the transcript reflects that the only arguments made by Tamko to the trial court were: (1) that arbitration was mandatory; and (2) that Dilloway did not give reasonable notice of the breach under I.C. § 26–1–2– 607. Thus, we also waive this argument for our review. *See id.*

### B. *Breach of Contract*

■ Finally, we address Tamko's claim that if the trial court based its award of damages on a breach of contract, it improperly did so. Specifically, Tamko contends that there could be no breach of contract because no contract existed between it and Dilloway. Once more, we cannot find in the record that Tamko raised the argument to the trial court that no privity of contract existed between it and Dilloway. Consequently, Tamko has waived this argument for our review as

well. *See id.* As a result, we affirm the trial court's award of damages to Dilloway.

## CONCLUSION

Based on the foregoing, we conclude that the trial court: (1) did in fact admit into evidence Tamko's Exhibit A and Dilloway's Exhibit 3; (2) did not err in determining that Tamko waived its right to arbitration; and (3) properly awarded damages to Dilloway.

Affirmed.

KIRSCH, J., and FRIEDLANDER, J., concur.