## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 06 2016, 6:44 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Julia Blackwell Gelinas
Kandi Kilkelly Hidde
Maggie L. Smith
Jenai M. Brackett
Frost Brown Todd LLC
Indianapolis, Indiana

Ivan B. Perkins
Michael B. Kadish
The Kadish Law Group, P.C.
Santa Monica, California

ATTORNEYS FOR APPELLEE

Kevin P. Podlaski
Ryan M. Gardner
Beers Mallers Backs & Salin, LLP
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Allied Professionals Insurance Company, a Risk Retention Group, Inc.,

*Appellant-Garnishee Defendant,*

v.

Neff Realty, LLC,

*Appellee-Plaintiff / Judgment Creditor*

July 6, 2016

Court of Appeals Case No. 49A02-1601-PL-29

Appeal from the Marion Superior Court

The Honorable Cynthia J. Ayers, Judge

Trial Court Cause No. 49D04-1403-PL-8280

**Baker, Judge.**

[1] Allied Professionals Insurance Company (Allied) appeals the trial court's order denying its motion to compel arbitration. Neff Realty, Inc. (Neff) sought coverage after a portion of an office building leased by an Allied policyholder caught fire. Neff argues that Allied waived its right to arbitrate the dispute because its demand to arbitrate was untimely. Finding that a clause in the policy unambiguously reserves questions of arbitrability for the arbitrator, we reverse and remand with instructions to: (1) grant Allied's motion to compel arbitration; (2) award Allied fees and costs, including appellate fees and costs, pursuant to the arbitration clause in the insurance policy; and (3) dismiss or stay the litigation pending the arbitration.

## Facts

[2] On April 15, 2013, a fire ignited in an office building owned by Neff. The fire started in a space leased by Karen Buckner. Buckner had subleased part of the space to Barbara Kelley. At the time of the fire, Allied had issued a malpractice/professional liability insurance policy (the Policy) to Buckner. Kelley was not insured under the Policy.

[3] On April 29, 2013, Buckner tendered a claim for the fire damages to Allied; Allied denied coverage on May 2, 2013. On March 7, 2014, Neff filed a lawsuit against Buckner to recover damages it sustained as a result of the fire. Buckner re-tendered her claim to Allied, which again denied the claim on April 23, 2014. In both claim denials, Allied referred to the Policy's arbitration clause (the Arbitration Clause), which states, in relevant part, as follows:

> All disputes or claims involving [Allied] shall be resolved by binding arbitration, whether such dispute or claim arises between the parties to this Policy, or between [Allied] and any person or entity who is not a party to the Policy but is claiming rights, either under the Policy or against [Allied]. . . . Any person or entity asserting such dispute or claim (the "Claimant") must submit the matter to binding arbitration . . . . If the Claimant refuses to arbitrate, then any other party may, by notice as herein provided,[1] require that the dispute be submitted to arbitration within fifteen (15) days. . . . The arbitration shall occur in Orange County, California. . . . Any questions as to arbitrability of any dispute or claim shall be decided by the arbitrator. . . .

Appellant's App. p. 163. Allied repeatedly reminded Buckner that if she wished to resolve the claim dispute, she would have to submit the dispute to binding arbitration pursuant to the Arbitration Clause.

[4] On May 7, 2015, Neff obtained a default judgment against Buckner for $355,000. Buckner subsequently declared personal bankruptcy and assigned her rights against Allied to Neff. In early 2015, Neff[2] began seeking payment from Allied by sending letters and discovery requests. Allied repeatedly denied coverage and stated that any dispute over coverage must be arbitrated pursuant to the Arbitration Clause.

---

[1] The Policy provision regarding notice of a claim or suit requires that the named insured "shall, within three (3) business days, by certified mail return receipt requested forward to [Allied] every demand, notice, summons, or other process received by him or her or by his or her representative." Appellant's App. p. 162-63.

[2] At some point, Neff's insurer, State Auto Insurance Company (State Auto) paid for Neff's damages. At that point, Neff began acting through State Auto, though State Auto is not a named party in this litigation.

[5] On June 22, 2015, Neff filed a motion for proceedings supplemental against Allied. Allied claims that it did not see or receive the motion until August 28, 2015. On September 10, 2015, Allied removed the proceedings supplemental to federal court. It moved to dismiss the case based upon improper service and, in the alternative, to compel arbitration. The federal district court found that service was proper and remanded the case to Marion Superior Court. Allied filed a new motion to compel arbitration and to dismiss or stay the proceedings in the trial court pending arbitration on December 1, 2015. The trial court summarily denied the motion on December 28, 2015, and Allied now appeals.[3]

## Discussion and Decision

[6] Allied argues that the trial court erroneously denied its motion to compel arbitration. We apply a de novo standard of review to a trial court's ruling on a motion to compel. *Tamko Roofing Prods., Inc. v. Dilloway*, 865 N.E.2d 1074, 1078 (Ind. Ct. App. 2007). This case calls on us to interpret a contract, and it is well established that matters of contract interpretation generally present questions of law to which we apply a de novo standard of review. *In re Ind. State Fair Litigation*, 49 N.E.3d 545, 548 (Ind. 2016). It is also well established that Indiana policy favors arbitration and that, in construing arbitration agreements, all doubts are to be resolved in favor of arbitration. *MPACT Constr.*

---

[3] The Arbitration Clause also provides that the prevailing party upon a motion to compel arbitration shall recover all reasonable legal fees and costs. In denying Allied's motion to compel, the trial court also awarded fees and costs to Neff.

*Group, LLC v. Sup. Concrete Constructors, Inc.*, 802 N.E.2d 901, 905 (Ind. 2004); *Nat'l Wine & Spirits, Inc. v. Ernst & Young, LLP*, 976 N.E.2d 699, 707 (Ind. Ct. App. 2012).

[7] Neff argues that Allied has waived the right to have the dispute arbitrated because it did not file a motion to compel within fifteen days of Neff's demand for coverage. We need not answer this question, as the Arbitration Clause plainly and unambiguously states that "[a]ny questions as to arbitrability of any dispute or claim shall be decided by the arbitrator." Appellant's App. p. 163.

[8] Neff has never challenged this clause delegating determinations of arbitrability to the arbitrator. *See Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 70-73 (2010) (holding that unless plaintiff challenged a delegation provision specifically, courts must treat it as valid and leave any challenge to the validity of the arbitration agreement as a whole for the arbitrator). Therefore, it could not be clearer that this clause requires that issues regarding waiver and/or unconscionability[4] must be resolved by an arbitrator rather than by a trial court. *See, e.g., BG Group, PLC v. Rep. of Argentina*, 134 S. Ct. 1198, 1207 (2014) (holding that courts presume—even in the absence of a delegation clause—that arbitrators should resolve disputes about procedural preconditions for arbitration, including waiver, delay, or a like defense to arbitrability).

---

[4] Neff has also argued that it is unconscionable to require the arbitration to take place in California.

[9] Given the plain language of the Policy, which clearly indicates the parties' intent to arbitrate and to delegate questions of arbitrability to the arbitrator, we find that the trial court erred by denying Allied's motion to compel arbitration.[5] We therefore reverse and remand with instructions to grant Allied's motion, including its requests for costs and fees pursuant to the Arbitration Clause and for a stay or dismissal pending arbitration.

[10] The judgment of the trial court is reversed and remanded with instructions.

May, J., and Brown, J., concur.

---

[5] We acknowledge that this outcome may seem harsh. Without expressing an opinion on the issue of arbitrability, we emphasize that Allied has repeatedly invoked the Arbitration Clause through its dealings with all parties, including Buckner, Neff, and State Auto. We note that the Arbitration Clause does not require that a motion to compel be filed to preserve the right to arbitrate, and we note that when Allied filed its motion to compel, it cannot have come as a shock to Neff, given Allied's repeated invocations of that contractual provision.